1  KENNETH R. O'BRIEN, Bar No. 072128
   LITTLER MENDELSON
2  A Professional Corporation
   2520 Venture Oaks Way, Suite 390
3  Sacramento, CA 95833.4227
   Telephone:   916.830.7200
4  Facsimile:   916.561.0828
   kobrien@littler.com
5
   PAUL S. COWIE, Bar No. 250131
6  LITTLER MENDELSON
   A Professional Corporation
7  650 California Street, 20th Floor
   San Francisco, CA 94108-2693
8  Telephone:   415.439.6210
   Facsimile:   415.520.9816
9  pcowie@littler.com

10 Attorneys for Defendants
   CON-WAY INC., and CON-WAY FREIGHT INC.
11

                    ORIGINAL FILED
                    AUG 11 2009
                    RICHARD W. WIEKING
                    CLERK, U.S. DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

                    E-filing

                    MHP

12                      UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

14 JORGE R. QUEZADA, individually, and        Case CV 09  3670
   on behalf of all others similarly situated,
15                                             (San Mateo Superior Court Case No. CIV
              Plaintiff,                       481284)
16
        v.                                     NOTICE TO FEDERAL COURT OF
17                                             REMOVAL OF CIVIL ACTION FROM
   CON-WAY INC., and CON-WAY                   STATE COURT PURSUANT TO 28 U.S.C.
18 FREIGHT INC. and DOES 2 through 20,         SECTION 1332(d), 1441, and 1446.
   inclusive,
19                                             CLASS ACTION FAIRNESS ACT
              Defendants.
20                                             Amended Complaint Filed: March 5, 2009
                                               Amendment to Complaint Filed July 7, 2009
21

TO THE CLERK OF THE ABOVE TITLED COURT AND PLAINTIFF JORGE QUEZADA AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant CON-WAY FREIGHT INC. (hereinafter "Freight") hereby effects the removal of the this action from the Superior Court in the State of California for the County of San Mateo to the United States District Court for the Northern District of California.

Removal is based on 28 U.S.C. sections 1332(d) (the Class Action Fairness Act), 1441(b), and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

### Diversity Jurisdiction

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 (the "Act"), which was enacted on February 18, 2005. See 28 U.S.C. section 1332(d). In relevant part, the Act grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. The Act authorizes removal of such actions pursuant to 28 U.S.C. section 1446. As set forth below, this case meets all of the Act's requirements for removal and is timely and properly removed by the filing of this Notice.

### PLEADINGS, PROCESS AND ORDERS

2. On or about February 17, 2009, Plaintiff Jorge Quezada ("Plaintiff") filed an original complaint in the Superior Court of the State of California in and for the County of San Mateo, entitled <u>Jorge R. Quezada, individually, and on behalf of all others similarly situated, v. Con-way Inc., dba Con-way Freight, and Does 1-20, inclusive</u>, case number CIV 481284 ("the Complaint"). The Complaint is a purported class action and representative action. On or about March 5, 2009, Plaintiff filed an Amended Complaint to add an additional cause of action.

3. Plaintiff asserts in his Amended Complaint that he was an employee of Con-way Inc.(hereinafter "Inc"). As more fully explained below, Plaintiff is in fact a former employee of Freight, and not Inc. Freight and Inc. are separate and distinct corporate entities.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

4. Plaintiff's Amended Complaint asserts eleven (11) causes of action for (1) wages due under Labor Code; (2) compensation due for working through rest periods; (3) Labor Code section 203 penalties; (4) failure to comply with itemized employee wage statement provisions (Labor Code section 226); (5) conversion; (6) Unfair Competition Act; (7) declaratory relief; (8) accounting; (9) injunctive relief; (10) unjust enrichment; and (11) Labor Code § 2698 et seq. Private Attorney General Act.

5. A copy of the Amended Complaint, Summons, and Notice Of Case Management Conference was delivered to Inc.'s Agent for Service of Process, Corporation Service Company, on or about March 18, 2009. True and correct copies of the Amended Complaint, Summons, and Notice Of Case Assignment are attached hereto, collectively, as Exhibit A.

6. Attached hereto and incorporated herein by reference as Exhibit B is a true and correct copy of Inc.'s Answer to Plaintiff's Amended Complaint, filed on or about April 15, 2009.

### FRAUDULENT JOINDER OF INC.

7. Upon receiving the original Complaint, Kenneth O'Brien, counsel for Inc., spoke by telephone on April 13, 2009, with Michael Carver, counsel for Plaintiff. Mr. O'Brien alerted Mr. Carver that Plaintiff had sued the wrong entity. Mr. O'Brien explained that Freight, and not Inc., was Plaintiff's employer. See Declaration of Kenneth R. O'Brien in Support of Notice of Removal ("O'Brien Decl."), ¶ 2.

8. Thereafter, in Inc's April 15, 2009 Answer, Inc. asserted that it does not employ and has never employed Plaintiff or any purported class member, as alleged in the Amended Complaint. Answer, ¶ 1. Inc. also asserted that it does not and has not employed any employees as driver/sales representative or an equivalent position, as alleged in the Amended Complaint. Answer, ¶ 2.

9. Plaintiff did not correct the error. Accordingly, on May 8, 2009, Paul Cowie (also counsel for Inc.) spoke with Larry Cagney (also counsel for Plaintiff) regarding the matter. Mr. Cowie again explained that Inc. was not Plaintiff's employer. See Declaration of Paul Cowie in Support of Notice of Removal ("Cowie Decl."), ¶ 2.

10. That same day, on or about May 8, 2009, Plaintiff served his First Set of Requests for Production of Documents, First Set of Requests for Admissions, and First Set of Special

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

1  Interrogatories on Inc. In its responses, Inc. again asserted that it does not and has never employed
2  Plaintiff or any purported class member as alleged in the Amended Complaint. It also asserted that it
3  does not and has never employed any employees as driver/sales representative or an equivalent
4  position. (Cowie Decl., ¶3) Inc.'s responses, which include the full text of Plaintiff's discovery
5  requests, are attached hereto, collectively, as Exhibit C.

6  11. Plaintiff again did not substitute in the correct employer as defendant. Accordingly,
7  Mr. Cowie again raised the issue with Mr. Cagney by telephone call, this time on May 28, 2009.
8  Cowie Decl., ¶ 4.

9  12. Inc. reiterated the issue again (a) by letter from Mr. Cowie to Mr. Cagney dated June
10 5, 2009, (b) in Inc.'s Case Management Conference Statement dated June 9, 2009, and (c) in Court
11 at a Case Management Conference on June 25, 2009, as well as in further correspondence from Mr.
12 Cowie to Mr. Cagney on June 25, 2009. Cowie Decl., ¶¶ 5 and 6; O'Brien Decl., ¶ 3 and 4.

13 13. Finally, on or about July 7, 2009, Plaintiff filed an Amendment to Complaint
14 purporting to add Freight as a new defendant in place of "Doe 1."

15 14. Relief is not properly sought from Inc. because it did not engage in the alleged
16 conduct described in the Amended Complaint.

17 15. A copy of the Amendment to Complaint, Complaint, Summons, and Notice Of Case
18 Assignment was delivered to Freight's Agent for Service of Process, Corporation Service Company,
19 on July 13, 2009. True and correct copies of the Amendment to Complaint and the Notice of Service
20 of Process are attached hereto, collectively, as Exhibit D.

21 16. Attached hereto and incorporated herein by reference as Exhibit E is a true and
22 correct copy of Freight's Answer to Plaintiff's Amended Complaint, filed on or about August 10,
23 2009. In its Answer, Defendant Freight did not make the same assertions regarding the employment
24 of Plaintiff, any purported class member, or driver/sales representatives that Inc. made in its Answer.

25 17. On June 25, 2009, the Court held a Case Management Conference and referred the
26 case to Appropriate Dispute Resolution (ADR). On or about July 22, 2009, Plaintiff filed a
27 stipulation to ADR, which provided that it was premature to select an ADR method. True and
28 correct copies of the referral to ADR and the ADR stipulation are attached as exhibit F. No further

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

3.

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION

proceedings have been heard in the Superior Court for the County of San Mateo.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

18. Pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA" or "the Act"), 28 U.S.C. section 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

While there are a number of exceptions to this rule of original jurisdiction contained in 28 U.S.C. section 1332(d)(3)-(5), none of the exceptions are applicable here, as demonstrated hereafter.

19. This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. section 1332(d), and this case may be removed by Defendant Freight pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not the state, state official or other governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and one of Defendants. 28 U.S.C. § 1332.

20. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(a), 1391 and 1446.

21. Inc. consents to and joins in this removal. Defendants Inc. and Freight ("Defendants") are the only defendants that have been named and served in this matter. All defendants which have been named and served, therefore, join in the removal.

22. This action has been styled as a class action pursuant to California Code of Civil Procedure section 382. Amended Complaint ¶ 10. California Code of Civil Procedure section 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action. Plaintiff brings this action on his own behalf, and as a class action and representative action. Amended Complaint at ¶ 16. Plaintiff seeks to represent similarly situated employees who currently work for and/or previously worked for Defendants in the State of California. Amended Complaint at ¶ 1 and 2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916.830.7200

23. The proposed class that Plaintiff seeks to represent allegedly contains "over 1,000 Class Members." Amended Complaint at ¶ 19a.

### A. Amount in Controversy

24. Plaintiff's Amended Complaint is silent as to the total amount in controversy. The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff, however, does not deprive this Court of jurisdiction. See *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining ... to place a specific dollar value upon its claim."). Freight needs only to establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Defendants are not obliged to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons,* 863 F. Supp. 430, 434 (W.D. Ky. 1994).

25. Defendant Freight can establish the amount in controversy by the allegations in the Amended Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The District Court may consider whether it is facially apparent from the Amended Complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

26. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

(C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); see also *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

27. The Act authorizes the removal of class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00). See 28 U.S.C. § 1332(d). The allegations in Plaintiff's Amended Complaint and the claimed penalties greatly exceed the jurisdictional minimum. By demonstrating that the actual amount in controversy exceeds the threshold, Defendants do not concede the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood that Plaintiff will recover anything.

28. The putative class, according to the Amended Complaint, consists of:

> All persons who are employed by Defendants in the State of California as a "driver/sales representative" and/or an equivalent position, who performed services for the Defendants in California on or after four years prior to the filing of this action through the date of trial (Class Period).

Complaint at ¶ 16.

29. Freight currently employs approximately 1,000 individuals in the position of Driver Sales Representative ("DSR") in California. See Declaration of Michael Fabriga in Support of Notice of Removal ("Fabriga Decl."), ¶ 12.

30. Plaintiff seeks to recover penalties against Defendants as provided under Labor Code section 2698 *et seq*. Amended Complaint at ¶ 58. California has a one-year statute of limitations for civil penalty claims. Cal. Code Civ. Proc. § 340(a).

31. Labor Code section 2699(f) provides that "if, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

6.

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION

32. Plaintiff was paid on a weekly basis. Fabriga Decl. at ¶ 11. Assuming, for purposes of removal, that a violation occurred for each of the past 52 pay periods, then the penalty claimed by Plaintiff and in controversy in the case for each purportedly aggrieved employee would be $5,200.00 (at $100 per violation). Freight presently employs 1,000 DSR's. Accordingly, the penalty claimed at issue is 1000 x $5,200.00 or $5.2 million. The CAFA amount in controversy is therefore satisfied by this claim alone. (See Fabriga Decl. ¶¶ 11 and 12.)

33. Additionally, Plaintiff has pleaded a cause of action for "Compensation due for working through rest periods." Pursuant to Labor Code section 558, the civil penalties are as follows:

> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

34. Again, assuming for purposes of removal only, that a violation occurred for each of the past 52 pay periods, then the penalty claimed for each aggrieved employee would be $2,600.00. Assuming, again for purposes of removal, that there are 1,000 aggrieved employees during each pay period, the total penalty claimed by Plaintiff would equal $2.6 million.

35. Furthermore, Plaintiff asserts a cause of action for failure to comply with itemized employee wage statement pursuant to Labor Code section 226. Section 226(e) provides for damages for this alleged failure as follows:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

36. Assuming, for the purposes of removal only, that Plaintiff's allegation that the wage statements of each driver were deficient to be true, and the Court were to accept a claim by Plaintiff that the maximum penalty of $4,000 should be awarded to each putative class member, the amount

7.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION

in controversy for such penalties would be $4 million. (1,000 x $4,000 = $4,000,000.) This potential recovery under Section 226 further serves to demonstrate that the amount in controversy in this case exceeds the minimum jurisdictional amount, permitting removal of this action.

37. Plaintiff also seeks alleged unpaid wages for "waiting time, on-call time, rest time, inspection time and other compensable time"; punitive damages[1] and six other causes of action. (Amended Complaint ¶¶ 22 to 56.) When applied to the putative class of approximately 1,000 individuals, the claimed damages for these causes of actions would also be significant. For every $1,000 awarded to an individual, another $1,000,000 aggregate damages would accrue. ($1,000 x 1,000 putative class members.)

38. Plaintiff also claims penalties under Labor Code section 203, which may equal an employee's total wages for a thirty day period. Penalties are calculated by multiplying a day's wage by up to 30 days. Assuming that each class member worked a minimum of eight (8) hours per day, at Plaintiff's hourly rate of $22.10, an individual employee's total individual wages for a thirty day period would be $5,304.00, (8 hours x $22.10 per hour = $176.80 per day x 30 days = $5,304.00.) and collectively $5,304,000.00 ($5,304 x 1000 = $5,304,000.00). (Fabriga Decl. ¶ 11.) Again, these calculations illustrate that just one of Plaintiff's claims involves an amount in controversy in excess of CAFA's jurisdictional minimum of five million dollars ($5,000,000.00).[2]

39. Plaintiff's claims for attorney's fees pursuant to Labor Code sections 218.5, 226, 1194 and 2699 must also be considered in determining whether the jurisdictional limit is met. Amended Complaint Prayer at ¶ o. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) – attorneys' fees recoverable by statute or contract are properly included in the amount in controversy. In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be twenty-five to thirty percent of the settlement and, thus, in excess of $1 million.[3]

---

[1] Punitive damages are also properly included in computing the jurisdictional amount. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Bell v. Preferred Life*, 320 U.S. 238, 240 (1943).
[2] Note that the hourly rate applies to specific tasks and is used here for ease of reference only. Plaintiff was also paid a mileage rate for certain of the tasks that he performed.
[3] See *Abasi v. HCA, the Healthcare Co. Inc.*, C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods; attorney's fee

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916.830.7200

8.

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION

40. Defendant Freight provides the foregoing calculations only to demonstrate that the amount in controversy in this case easily exceeds the amount in controversy requirement of the Act. Defendants make no admission of any liability or damages with respect to any aspect of this case. The civil penalties from the four claims for which calculations are provided potentially exceeds $17 million dollars.

41. Although Defendants deny any and all liability to Plaintiff or to the putative class he would represent, the following is a summary of the amount in controversy related to the claims for which calculations have been provided, including the total amount placed in controversy by these claims:

| Claim | Amount in Controversy |
|---|---|
| Labor Code section 2698 *et seq* | $5,200,000.00. |
| Rest Periods | $2,600,000.00. |
| Labor Code section 226 | $4,000,000.00. |
| Labor Code section 203 | $5,304,000.00. |
| **TOTAL** | **$17,104,000.00** |
|  | Plus attorney's fees and punitive damages. |

42. The preponderance of the evidence is that the amount sought in the Amended Complaint is greater than the jurisdictional amount of $5 million required by the Act. The amount in controversy requirement for CAFA is, therefore, met based on Plaintiff's pleaded facts and claims.

**B. Citizenship**

43. Defendant Freight is informed and believes that Plaintiff was at the time of commencing this action, and still is, a citizen of the State of California.

44. During the entire course of his employment with Freight Inc., Plaintiff was employed

---

award totaling over $1.2 million); *Countrywide Financial Corp.*, Los Angeles County Superior Court (April 2005) (preliminary approval given for $30 million settlement for alleged misclassification of approximately 400 account executives; attorney's fees award estimated at 25% or $7.5 million); see also *Bell v. Farmers Insurance Exchange* (July 2001)(jury awarded a class of 2,400 insurance claims adjusters a $90 million judgment for failure to pay overtime; court awarded attorney's fees totaling approximately $9.4 million).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

9.

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION

in and worked for Freight in the State of California. Fabriga Decl. ¶ 10. Plaintiff's last known residence address is located in Buena Park, California. *Id.* Plaintiff, therefore, is a citizen of the State of California. See 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

45. Plaintiff seeks to represent current and former employees of Freight who were employed in the State of California during the putative four-year class period. Amended Complaint ¶ 16.

46. Inc., which was not Plaintiff's employer, was, at the time of the filing of the state court action, and remains, a corporation incorporated under the laws of the State of Delaware. Fabriga Decl. ¶ 2 Inc.'s principal place of business was at the time of the filing of the state court action, and is now, in San Mateo, California. *Id.*

47. Courts generally use one of two tests to determine where a business has its principal place of business. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001); *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994). The "'place of operations test' locates a corporation's principal place of business in the state which 'contains a substantial predominance of corporate operations.'" *Tosco Corp., supra*, at 500 (citation removed); see also *Breitman, supra*, at 564. The "'nerve center test' locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed." *Tosco Corp., supra*, at 500; see also *Breitman, supra*, at 564. Moreover, the nerve center test is used when no state contains a substantial predominance of the company's business activities. See *Id.*

48. Plaintiff's employer, Freight was, at the time of the filing of the state court action, and remains, a corporation incorporated under the laws of the State of Delaware. Fabriga Decl. ¶ 3 Freight's corporate headquarters and nerve center were, at the time of filing of the state court action, and remain located in Ann Arbor, Michigan, where almost all of its executive and corporate employees are employed and where its primary administrative functions are performed. *Id.*

49. Freight's operations do not predominate in any one state because Freight ships freight to and from all 48 of the contiguous United States. Specifically, with respect to employees, Freight

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916.830.7200

10.

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION

has 19,422 employees.[4] The following are the top 5 states, by number of employees, in which Freight does business (the information is broken down by number of employees and percentage of total Freight employees):

| State | No. Of Employees | % Of Freight Employees |
|---|---|---|
| Texas | 1643 | 8.46 % |
| California | 1553 | 8.00 % |
| Illinois | 1421 | 7.32 % |
| Ohio | 1306 | 6.72 % |
| Pennsylvania | 1130 | 5.82 % |

Fabriga Decl., ¶ 5.

50. In Ho v. Ikon Office Solutions, Inc., 143 F.Supp.2d 1163, 1165-66, (N.D. Cal. 2001), the District Court held that no state contained a substantial predominance of business activity where the defendant corporation conducted business in all fifty states and had 8.6% of its employees in California, 7.4% in Texas, 4.9% in Pennsylvania, 4.9% in New York, and 4.8% in Florida. The Court in Ho held that this composition of employees meant that the corporation's business activity was "spread relatively evenly." Id. at 1167.

51. In *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102, 1106, (S.D. Cal. 2003), Home Depot was found to have a vastly more disproportionate percentage of employees in California, with 15.1% of its total workforce in California, 9.3% in Florida, 8% in Georgia, 6.9% in New York, and 6.9% in Texas. Nevertheless, the District Court found that Home Depot's operations did not predominate in California because, among other things, California was the nation's most populous state and one would expect operations to be proportionate to state size for national corporations:

> Although California has more Home Depot employees and stores, the margin of difference is not significant enough for a corporation that conducts business in forty-nine of the fifty states. Because California is the state with the largest population, business activity on a national scale can be expected to be greater in California. See *Ho*, 143

---

[4] All of the numerical information provided in connection with the citizenship of Freight was taken from the quarter ended March 31, 2009, which was the most recent closed quarter at the time the data started to be collected. Fabriga Decl., ¶ 4.

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

F.Supp.2d at 1167- 68. "[I]t is highly unlikely that Congress intended every national corporation that does more business in California than in any other single state, by virtue of that fact alone, to be deemed a citizen of California for purposes of diversity jurisdiction." *Id.* As observed in *Ho*, where "the percentage of the corporation's activities in each of many states is so modest," the "distorting effect ... of the forum state's size" must be taken into consideration. *Id.* at 1168. Applying this logic to the present case, a comparison of Home Depot's workforce in each state does not establish a substantial predominance in California.

*Id.* at 1107

52. With respect to sales, Freight's total gross mean revenues were $598,593,451. The following are the top 5 states, by revenue, in which Freight does business (the information is broken down by median revenue and percentage of total Freight revenue):

| State | Gross Mean Revenue | % Of Total Freight Revenue |
|---|---|---|
| California | $59,125,093 | 9.88 % |
| Texas | $46,961,924 | 7.85 % |
| Illinois | $39,743,754 | 6.64 % |
| Ohio | $34,613,622 | 5.78 % |
| Pennsylvania | $28,380,179 | 4.74 % |

Fabriga Decl., ¶ 6.

53. With respect to assets, the net book value of all Freight's assets, including linehaul assets which are given internal state assignment by Freight was $969,821,494. The following are the top 5 states, by net book value of assets held, in which Freight does business (the information is broken down by net dollar value of assets per state, and percentage of total Freight assets):

| State | Net Book Value Including Line Haul | % Of U.S. Total |
|---|---|---|
| Michigan | $168,370,307 | 17.36 % |
| Illinois | $90,523,826 | 9.33 % |
| California | $86,120,328 | 8.88 % |
| Texas | $50,767,793 | 5.23 % |
| Pennsylvania | $45,156,617 | 4.66 % |

Fabriga Decl., ¶ 7.

54. Also with respect to assets, the net book value of all Freight's assets, excluding linehaul assets, was $834,130,070. The following are the top 5 states, by net book value of assets held, in which Freight does business (the information is broken down by net dollar value of assets per state, and percentage of total Freight assets):

| State | Book Value Excluding Line Haul | % Of U.S. Total |
|---|---|---|
| Illinois | $90,523,826 | 10.85 % |
| California | $86,120,328 | 10.32 % |
| Texas | $50,767,793 | 6.09 % |
| Pennsylvania | $45,156,617 | 5.41 % |
| Ohio | $44,853,819 | 5.38 % |

Fabriga Decl., ¶ 8.

55. With respect to freight delivered, Freight delivered 3,730,893,559 pounds of freight. The following are the top 5 states, by pounds of freight picked up and delivered, in which Freight carried freight (the information is broken down by median number of pounds of freight picked up and delivered and percentage of total freight):

| State | Mean Weight Lbs. | % Of Total Freight Lbs. |
|---|---|---|
| California | 298,776,345 | 8.01 % |
| Illinois | 288,756,299 | 7.74 % |
| Texas | 280,221,881 | 7.51 % |
| Ohio | 256,208,719 | 6.87 % |
| Indiana | 208,887,370 | 5.6 % |

Fabriga Decl., ¶ 9.

56. Here, the "nerve center" test is appropriate because Freight has operations and employees in many states and there is no state where there is a "substantial predominance of corporate operations." Freight therefore, is not a citizen of the state of California but, rather, is a citizen of the States of Delaware and Michigan for the purposes of determining diversity of citizenship. 28 U.S.C. § 1332(c)(1). *Scot Typewriter Co. v. Underwood Corp.*, 170 F.Supp. 862, 865 (S.D. N.Y. 1959) ("[w]here a corporation is engaged in far-flung and varied activities which are

13.

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916.830.7200

carried on in different states, its principal place of business is the nerve center").

57. In the case of <u>Estrella v. Con-way Freight Inc.</u>, CV06-5772 GHK (PJWx), the District Court was called upon to evaluate whether Freight's corporate offices predominated in California and whether Freight was a citizen of California. The District concluded that Freight's operations do not predominate in California, and that Freight is not a citizen of California. A true and correct copy of the District Court's "Order Discharging Order to Show Cause" in the <u>Estrella</u> case is attached as Exhibit G.

58. Defendants designated as DOES 2 through 20[5] are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Pursuant to Section 1441, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). The Doe defendants, therefore, need not consent to this removal.

59. Thus, because the matter in controversy exceeds the $5,000,000 threshold set forth in CAFA, and because Plaintiff is a citizen of a state different from Freight, removal of this action is proper under CAFA.

## TIMELINESS OF REMOVAL

60. This Notice of Removal is timely in that it has been filed within thirty (30) days of Freight's first receipt of the Summons and Amended Complaint, on July 13, 2009.

61. Notice is timely because prior to service of the Amended Complaint on Freight jurisdiction did not exist for the purposes of CAFA.

## NOTICE TO PLAINTIFF

62. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be served on Plaintiff's counsel of record: Michael L. Carver, Labor Law Office, 1600 Humbolt Road, Suite 3,

---

[5] Plaintiff named Doe 1 as Defendant Con-way Freight Inc.

14.

Chico, CA 95928 and R Duane Westrup/Lawrence Cagney, Westrup Klick, LLP, 444 West Ocean Blvd., Suite 1614, Long Beach, CA 90802. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of San Mateo, California.

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the Superior Court for the County of San Mateo to this Court.

Dated: August 11th, 2009

Respectfully submitted,

_____
PAUL S. COWIE
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
CON-WAY INC., and CON-WAY FREIGHT INC.

Firmwide:91196409.7 012187.1046

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

15.
NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION