# EXHIBIT A

1  MICHAEL L. CARVER, SBN 173633
2  MICHELLE M. LUNDE, SBN 246585
   LABOR LAW OFFICE
3  A Professional Corporation
   1600 Humboldt Road, Suite 3
4  Chico, CA  95928
   Telephone:  (530) 891-8503
5  Fax:  (530) 891-8512

6  R. DUANE WESTRUP, SBN 58610
7  LAWRENCE R. CAGNEY, SBN 141845
   WESTRUP KLICK, LLP
8  444 West Ocean Boulevard, Suite 1614
   Long Beach, CA 90802-4524
9  Telephone: (562) 432-2551
10 Fax: (562) 435-4856

11 Attorneys for Plaintiff,
   JORGE R. QUEZADA, individually and on
12 behalf of all others similarly situated

13

14              SUPERIOR COURT OF CALIFORNIA

15                 COUNTY OF SAN MATEO

16             UNLIMITED CIVIL JURISDICTION

17

| | |
|---|---|
| 18  JORGE R. QUEZADA, individually, and<br>19  on behalf of all others similarly situated, | CASE NO. CIV481284 |
| 20 | **CLASS ACTION** |
| 21          Plaintiffs, | **AMENDED** COMPLAINT FOR<br>COMPENSATION DUE; PENALTIES |
| 22          v. | PURSUANT TO LABOR CODE SECTION 203;<br>ITEMIZED WAGE STATEMENT |
| 23  CON-WAY INC., dba | VIOLATIONS;  CONVERSION; UNFAIR<br>COMPETITION; DECLARATORY RELIEF; |
| 24  CON-WAY FREIGHT, and<br>DOES 1 through 20, inclusive | ACCOUNTING; INJUNCTIVE RELIEF; AND<br>PENALTIES UNDER THE PRIVATE |
| 25 | ATTORNEY GENERAL ACT |
| 26          Defendants. | |

27

28                                    1

ENDORSED FILED
SAN MATEO COUNTY

MAR 0 5 2009

Clerk of the Superior Court
By   J. Obaob
     DEPUTY CLERK

Plaintiff JORGE R. QUEZADA complains and alleges as follows:

## I.  INTRODUCTION

1.     This case arises out of unlawful wage payment practices by the Defendants.  The Plaintiff Class Members consist of employees of Defendants who, during the four (4) years prior to the filing of this action through the date of trial (Class Period), were improperly compensated for time worked and not promptly paid wages upon termination of their employment.

2.     The Plaintiff Sub-Class includes those Plaintiff Class Members that ended their employment for the Defendants during the Class Period, but who were not timely paid wages as required by Labor Code Sections 201-202.  Such Plaintiff Sub-Class Members are additionally entitled to penalties pursuant to Labor Code Section 203.

3.     As used herein, the term "Plaintiff" includes JORGE R. QUEZADA, who is the the named Plaintiff Class representative; the term "Plaintiff Class" includes the Plaintiff and all Plaintiff Class Members; the term "Class Members" includes the Plaintiff and all Plaintiff Class Members and Plaintiff Sub-Class Members.

4.     The Plaintiff seeks compensation for work performed and moneys due the Class Members during the "Class Period," which is defined as four years prior to the filing of this action through the trial date, based upon information and belief that the Defendants are continuing, and will continue, their unlawful practices as described herein.

## II.  JURISDICTION AND VENUE

5.     Pursuant to Code of Civil Procedure Section 395(a), venue is proper in this judicial district because Defendant CON-WAY INC., doing business as CON-WAY FREIGHT, maintains their principal place of business in the County of San Mateo, transacts business in the County of San Mateo, and/or was the employer of the Plaintiff, Plaintiff Class and Sub-Class Members. The non-payment of wages as alleged herein, had a direct affect on employees of the Defendants in the State of California, and in particular, within the County of San Mateo.  The monetary claims of the Plaintiffs and Class Members are within the jurisdiction of this court.

2

### III.  THE PARTIES

6.     Plaintiff JORGE R. QUEZADA is a competent adult, and former employee of CON-WAY INC., dba CON-WAY FREIGHT. Plaintiff was employed during the applicable limitations period by CON-WAY INC.

7.     At all relevant times, Defendant CON-WAY INC., was doing business as CON-WAY FREIGHT in the State of California.  At all relevant times, Defendant CON-WAY INC., was the employer of Plaintiff and Class Members during the Class Period.

8.     Plaintiff is informed and believes, and therefore alleges, that at all times mentioned herein, each Defendant engaged in the conduct alleged, was the alter ego, agent, parent company, predecessor, or successor of the other Defendants, acting within the course and scope of such agency/employment or scope, and acting with the knowledge, consent, and authorization of each of the remaining Defendants.  All actions of each Defendant were ratified and approved by the other Defendants.

9.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will seek leave of court to amend this Complaint to allege such true names and capacities.  Plaintiff is informed and believes and based thereon alleges that each of the Defendants designated as DOES herein is liable in some manner for the acts, occurrences and omissions hereinafter alleged.

### IV. GENERAL ALLEGATIONS

10.     This class action is brought pursuant to Code of Civil Procedure Section 382.  The monetary damages and restitution sought exceed the minimum jurisdictional limits of the Superior Court and will be established according to proof at trial.  The monetary damages sought on behalf of the Class and as aggregate class damages exceed those jurisdictional limits as well.  The claims of individual Class Members, including Plaintiff, are based on California law and statutes, including the Labor Code, Code of Civil Procedure, and Business and Professions Code.

3

AMENDED COMPLAINT FOR COMPENSATION DUE; PENALTIES PURSUANT TO LABOR CODE SECTION 203; ITEMIZED WAGE STATEMENT VIOLATIONS;  CONVERSION; UNFAIR COMPETITION; DECLARATORY RELIEF; ACCOUNTING; INJUNCTIVE RELIEF; AND PENALTIES UNDER THE PRIVATE ATTORNEY GENERAL ACT

1    11.    The Plaintiff seeks compensation for work performed and moneys due the Class

2    Members during the "Class Period," which is defined as four years prior to the filing of this action

3    through the trial date, based upon information and belief that the Defendants are continuing, and

4    will continue, their unlawful practices as described herein. During all or a portion of the Class

5    Period, the Plaintiff and each member of the Plaintiff Class was employed by Defendants in the

6    State of California.

7    12.    During their employment, Plaintiff and Plaintiff Class Members were non-exempt

8    employees covered under one or more statutes, regulations or Industrial Welfare Commission

9    (IWC) Wage Orders, which imposed an obligation on the part of the Defendants, and each of

10   them, to pay lawful wages.

11   13.    The Plaintiff and each Plaintiff Class Member performed work for the Defendants,

12   and the Defendants were required to pay the Plaintiff and each Plaintiff Class Member wages, as

13   required by various regulations and statutes, including but not limited to Labor Code Sections 201-

14   204, and the applicable IWC Wage Orders.  The Plaintiff and each Plaintiff Class Member

15   performed work for which they were entitled to be compensated.

16   14.    Plaintiff brings this action against Defendants for engaging in a uniform policy and

17   systematic scheme of wage abuse against their drivers/sales representatives in California.  This

18   scheme involved, inter alia, failing to pay their drivers/sales representatives all wages earned for

19   all hours worked and for denial of compensation for hours worked "off the clock" including, but

20   not limited to, waiting time, inspection time and other compensable time as required under

21   California law.

22   15.    During the Class Period, the Plaintiff worked in the position of "driver/sales

23   representative" while employed by Defendants, within the State of California and was not paid for

24   work performed on behalf of Defendants including, but not limited to, waiting time, on-call time,

25   rest time, inspection time and other compensable time as required under California law.

26

27

28

4

AMENDED COMPLAINT FOR COMPENSATION DUE; PENALTIES PURSUANT TO LABOR CODE
SECTION 203; ITEMIZED WAGE STATEMENT VIOLATIONS;  CONVERSION; UNFAIR COMPETITION;
DECLARATORY RELIEF; ACCOUNTING; INJUNCTIVE RELIEF; AND PENALTIES UNDER THE PRIVATE
ATTORNEY GENERAL ACT

## V. CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Code of Civil Procedure Section 382.  The Class, which the Plaintiff seeks to represent, is composed of and defined as follows:

> "All persons who are employed by Defendants in the State of California as a "driver/sales representative" and/or an equivalent position, who performed services for the Defendants in California on or after four years prior to the filing of this action through the date of trial (Class period)."

17.     Further, Plaintiff brings this action on behalf of himself and all other similarly situated persons in a Plaintiff Sub-Class of the Plaintiff Class, which is composed of and defined as follows:

> "All persons who are employed by Defendants in the State of California as a driver/sales representative and/or an equivalent position who performed services for the Defendants in California on or after four years prior to the filing of this action through the date of trial (Class period) who did not timely receive all wages due at termination or resignation of their employment as required by Labor Code Section201-202 and are owed penalties pursuant to Labor Code Section 203."

18.     Plaintiff reserves the right to amend or modify the class descriptions with greater specificity or division into sub-classes or limitation to particular issues.

19.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

a.     The Class Members are so numerous that the individual joinder of all Class Members is impractical.  While the exact number of Class Members is unknown to the Plaintiff at this time, the Plaintiff is informed and believes there are over 1,000 Class Members.  Therefore, joinder of all Class Members is impractical.

b.     Common questions of law and fact exist as to the Plaintiff and Class Members and predominate over any questions which affect only individual members of the class.  These common questions include, but are not limited to:

5

AMENDED COMPLAINT FOR COMPENSATION DUE; PENALTIES PURSUANT TO LABOR CODE SECTION 203; ITEMIZED WAGE STATEMENT VIOLATIONS;  CONVERSION; UNFAIR COMPETITION; DECLARATORY RELIEF; ACCOUNTING; INJUNCTIVE RELIEF; AND PENALTIES UNDER THE PRIVATE ATTORNEY GENERAL ACT

1     (1) Whether the Plaintiff and Plaintiff Class Members as defined above,

2 are entitled to wages under the applicable IWC Wage Order(s), regulations and statutes;

3     (2) Whether the Plaintiff and each Plaintiff Sub-Class Member as

4 defined above, are entitled to penalties under Labor Code Section 203, because such Plaintiff and

5 Plaintiff Sub-Class Members were not timely paid all owed wages at the time their employment

6 ended, as required by Labor Code Sections 201-202;

7     (3) Whether the Defendants were participants in the unlawful non-

8 payment of wages to the Plaintiff and Class Members, or engaged in other unlawful conduct;

9     (4) The effect upon and the extent of any injuries sustained by the

10 Plaintiff and Class Members and the appropriate type and/or measure of damages;

11     (5) The appropriateness and nature of relief to each Plaintiff and Class

12 Member;

13     (6) The appropriate nature of class-wide equitable relief; and

14     (7) The extent of liability of each Defendant, including DOE

15 Defendants, to the Plaintiff and each Class Member.

16   c. Plaintiff's claims are typical of the claims of the Plaintiff Class Members

17 and where applicable, the Plaintiff Sub-Class Members.  Plaintiff and all Class Members sustained

18 injuries and damages arising out of Defendants' common course of conduct in violation of the law

19 as alleged herein.

20   d. Plaintiff will adequately and fairly protect the interest of the members of the

21 Plaintiff Class and Plaintiff Sub-Class.  Plaintiff was employed by the Defendants at times during

22 the Class Period and is an adequate representative for the Plaintiff Class as he has no interest

23 adverse to the interests of the absent Class Members.  Plaintiff has retained legal counsel with

24 substantial experience in civil litigation, employment law and class action litigation.

25   e. A class action is superior to other available means of fair and efficient

26 adjudication of the claims of the Class Members, since joinder of all Class Members is

27 impractical.  Class action treatment will allow a large number of similarly situated persons to

28

6

AMENDED COMPLAINT FOR COMPENSATION DUE; PENALTIES PURSUANT TO LABOR CODE
SECTION 203; ITEMIZED WAGE STATEMENT VIOLATIONS;  CONVERSION; UNFAIR COMPETITION;
DECLARATORY RELIEF; ACCOUNTING; INJUNCTIVE RELIEF; AND PENALTIES UNDER THE PRIVATE
ATTORNEY GENERAL ACT

1  prosecute their common claims in a single forum, simultaneously, efficiently, and without the

2  unnecessary duplication of effort and expense that numerous individual actions would cause to

3  such Plaintiffs or to the court system.  Further, the damages of many individual Class Members

4  may be relatively small, and the burden and expenses of individual litigation would make it

5  difficult or impossible for individual members of the class to seek and obtain relief, while a class

6  action will serve an important public interest.  Further, individual litigation would present the

7  potential for inconsistent or contradictory judgments.

8      20.    Plaintiff is unaware of any difficulties that are likely to be encountered in the

9  management of this action that would preclude its maintenance as a class action.

10                    **VI.   VIOLATIONS ALLEGED**

11                    <u>**FIRST CAUSE OF ACTION**</u>

12               **WAGES DUE  UNDER LABOR CODE**

13       **(Plaintiff and each Plaintiff Class Member against each Defendant)**

14      21.    Plaintiff incorporates paragraphs 1 through 20 of this Amended Complaint as if

15  fully alleged herein.

16      22.    The Plaintiff and Class Members performed work for the Defendants during the

17  Class Period or engaged in other compensable activities, for which they were not compensated,

18  including, but not limited to, waiting time, on-call time, rest time, inspection time and other

19  compensable time. The Defendants are liable to the Plaintiff and Plaintiff Class Members for

20  wages for time worked, time under control of the Defendants and time for performing services.

21      23.    Plaintiff and Plaintiff Class Members seek from the Defendants, and each of them,

22  the payment of all wages earned and accrued during the Class Period.

23      24.    Additionally, the Plaintiff and Plaintiff Class Members are entitled to attorneys'

24  fees, interest and costs, pursuant to Labor Code Section 1194 and Section 218.5.

25       Wherefore, Plaintiff and Plaintiff Class Members request relief as hereinafter prayed for.

26

27

28

AMENDED COMPLAINT FOR COMPENSATION DUE; PENALTIES PURSUANT TO LABOR CODE
SECTION 203; ITEMIZED WAGE STATEMENT VIOLATIONS;  CONVERSION; UNFAIR COMPETITION;
DECLARATORY RELIEF; ACCOUNTING; INJUNCTIVE RELIEF; AND PENALTIES UNDER THE PRIVATE
ATTORNEY GENERAL ACT

## SECOND CAUSE OF ACTION

### COMPENSATION DUE FOR WORKING THROUGH REST PERIODS

**(Plaintiff and each Class Member against each Defendant)**

25.     Plaintiff incorporates paragraphs 1 through 20 of this Amended Complaint as if alleged herein.

26.     Plaintiff and the Class Members were paid to drive at a rate per mile.  Wage Order 9-2001 requires paid rest periods.

27.     Plaintiff and Class Members were not paid for their rest periods and are owed wages.

Wherefore, Plaintiff and Class Members request relief as prayed for hereinafter.

## THIRD CAUSE OF ACTION

### LABOR CODE SECTION 203 PENALTIES

**(Plaintiff and each Sub-Class Member against each Defendant)**

28.     Plaintiff incorporates paragraphs 1 through 27 of this Amended Complaint as if fully alleged herein.

29.     Plaintiff and each Sub-Class Member who ended their employment with the Defendants on or after the commencement of the Class Period were entitled to be promptly paid compensation by the Defendants as required by Labor Code Sections 201-202.  Plaintiff and Sub-Class Members were not fully paid all wages due them within the time required by Labor Code Sections 201-202.  Accordingly, Plaintiff and Sub-Class Members are entitled to the payment of Labor Code Section 203 penalties, according to proof.

Wherefore, Plaintiff and Plaintiff Sub-Class Members request relief as hereinafter prayed for.

8

## FOURTH CAUSE OF ACTION

### FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT
### PROVISIONS (LABOR CODE SECTION 226)

**(Plaintiff and each Class Member against each Defendant)**

30.     Plaintiff incorporates paragraphs 1 through 27 of this Amended Complaint as if fully alleged herein.

31.     Employers are required by Labor Code Section 226(a) to itemize in wage statements all deductions from payment of wages and to accurately report wages earned and total hours worked by employees such as the Plaintiff and the members of the proposed class, including furnishing each employee an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  A copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

32.     Defendants violated Labor Code Section 226, in part by failing to pay all wages owed to Plaintiff and Class Members, not lawfully providing paid rest periods and providing inaccurate itemized wage statements, causing damage to Plaintiff and Class Members, according

9

1   to proof.

2         33.     Further, pursuant to Labor Code Section 226(g) the Plaintiff and Class Members

3   seek injunctive relief to ensure compliance with Labor Code Section 226, and are entitled to an

4   award of costs and reasonable attorneys' fees.

5         Wherefore, Plaintiff and the Class Members request relief as prayed for hereinafter.

6                          **FIFTH CAUSE OF ACTION**

7                              **CONVERSION**

8            **(Plaintiff and each Plaintiff Class Member against each Defendant)**

9         34.     Plaintiff incorporates paragraphs 1 through 27 of this Amended Complaint as if

10  fully alleged herein.

11        35.     The Labor Code and other applicable law provide that wages become the property

12  of employees on the next payday after they are earned.  In failing to pay and retaining the wages

13  owed to Plaintiff and Class Members on and after the next payday after they were owed,

14  Defendants wrongfully exercised dominion and control over monies owed to Plaintiff and Class

15  Members.

16        36.     The property converted by the Defendants is a specific, identifiable sum.

17        37.     As a direct and legal result of Defendants' actions, Plaintiff and Class Members

18  have been damaged in amounts to be proven at trial, and are entitled to such damages.

19        38.     Defendants' conduct, in converting the pay owed to Plaintiff and Class Members,

20  pursuant to company practices and policies that Defendants knew violated applicable law, was

21  willful, malicious, oppressive and done with conscious disregard of Plaintiff's and Class

22  Members' rights, entitling Plaintiff and Class Members to punitive damages.

23        Wherefore, the Plaintiff and Class Members request relief as hereinafter prayed for.

24

25

26

27

28                                         10

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION ACT

**(Plaintiff and each Plaintiff Class Member against each Defendant)**

39.     Plaintiff incorporates the allegations of paragraphs 1 through 27 of this Amended Complaint as if fully alleged herein.

40.     The Plaintiff suffered a direct injury as a result of the Defendants' conduct, and brings this action under Code of Civil Procedure Section 382.  The deprivation by Defendants of the Plaintiff and Plaintiff Class Members of wages are unlawful business practices within the meaning of Business and Professions Code Section 17200, et seq. including, but not limited to a violation of the applicable Wage Orders, regulations and statutes, is a practice which is otherwise unfair.

41.     This cause of action is brought under Business and Professions Code Sections 17203 and 17204, commonly called the Unfair Competition Act.  Under this cause of action and pursuant to Business and Professions Code Section 17208, as a result of the Defendants' unlawful business practice set forth above, Plaintiff and all Class Members seek restitution of money and property due, during the applicable Class Period.

42.     Further, the Plaintiff requests the violations of the Defendants alleged herein be enjoined, and other equitable relief as this court deems proper.

Wherefore, the Plaintiff and Plaintiff Class Members request relief as follows.

## SEVENTH CAUSE OF ACTION

### DECLARATORY RELIEF

**(Plaintiff and each Plaintiff Class Member against each Defendant)**

43.     Plaintiff incorporates paragraphs 1 through 42 of this Amended Complaint as if fully alleged herein.

44.     An actual controversy has arisen and exists between the Plaintiff, including the Plaintiff Class and Sub-Class Members on one hand, and the Defendants on the other hand, including but not limited to the following controverted issues:

11

a)      Whether the Defendants willfully and unlawfully failed to pay lawful wages to the Plaintiff and Plaintiff Class Members, and/or deprived the Plaintiff and Sub-Class Members of lawful paid rest periods and itemized wage statements and if so, in what amount the Plaintiff and Plaintiff Class Members are entitled to be paid;

b)      Whether the Defendants willfully and unlawfully failed to promptly pay the members of the Sub-Class wages which were owed at the time of their termination of employment with Defendants, and if so, in what amount the Sub-Class Members are entitled to be paid as penalties pursuant to Labor Code Section 203;

c)      What amount of pre-judgment interest the Plaintiff and Class Members are entitled to receive from the Defendant.

45.     The Plaintiff and Class Members seek adjudication and a declaration of their rights on the foregoing issues.

46.     Further, the Plaintiff and Class Members seek entry of declaratory judgment in their favor which declares the practices of the Defendants as herein alleged, to be unlawful, and for this Court to make such orders and provide for recovery of all sums determined by this Court to be owed to the Plaintiff and Class Members by the Defendants, and for other appropriate and just relief.

Wherefore, the Plaintiff and Class Members request relief as hereinafter prayed for.

## EIGHTH CAUSE OF ACTION

## ACCOUNTING

**(Plaintiff and each Plaintiff Class Member against each Defendant)**

47.     Plaintiff incorporates paragraphs 1 through 42 of this Amended Complaint as if fully alleged herein.

48.     As herein alleged, the Plaintiff and the Class Members are owed wages, penalties, interest and restitution by the Defendants.

49.     The Plaintiff does not know the exact amount of wages, penalties, interest and restitution due to Plaintiff and Class Members. The Plaintiff is informed and believes and thereon

12

AMENDED COMPLAINT FOR COMPENSATION DUE; PENALTIES PURSUANT TO LABOR CODE SECTION 203; ITEMIZED WAGE STATEMENT VIOLATIONS; CONVERSION; UNFAIR COMPETITION; DECLARATORY RELIEF; ACCOUNTING; INJUNCTIVE RELIEF; AND PENALTIES UNDER THE PRIVATE ATTORNEY GENERAL ACT

1    alleges that each of the Defendants possess records from which the amounts of wages, penalties,

2    interest and restitution due may be determined.  Therefore, an accounting of the books and records

3    of each Defendant is required.

4        Wherefore, Plaintiff and Class Members request relief as hereinafter prayed for.

5                                **NINTH CAUSE OF ACTION**

6                                   **INJUNCTIVE RELIEF**

7              **(Plaintiff and each Plaintiff Class Member against each Defendant)**

8        50.    Plaintiff incorporates paragraphs 1 through 42 of this Amended Complaint as if

9    fully alleged herein.

10       51.    The Defendants, and each of them, have in the past, and will continue to do so in

11   the future, unless enjoined, engage in the unlawful practice of not paying wages, not providing

12   paid rest periods, not providing lawful wage statements under Labor Code Section 226, and not

13   promptly paying wages upon termination of employment as required by Labor Code Sections 201-

14   203.

15       52.    The Plaintiff and Class Members have, and will continue to be, injured and

16   damaged by the Defendants' continued unlawful practices alleged above, and the Plaintiff and

17   Class Members, who have no adequate remedy at law, will be irreparably harmed by the

18   continuation of such unlawful practices of the Defendants.

19       53.    Because the Defendant has acted unlawfully as alleged above, and will continue to

20   do so in the absence of relief by this court, preliminary and permanent injunctive relief is

21   appropriate, enjoining the Defendant and their agents from practicing such unlawful practices.

22       Wherefore, Plaintiff and the Class Members request relief as hereinafter prayed for.

23                                **TENTH CAUSE OF ACTION**

24                                   **UNJUST ENRICHMENT**

25             **(Plaintiff and each Plaintiff Class Member against each Defendant)**

26       54.    Plaintiff incorporates paragraphs 1 through 22 of this Amended Complaint as if

27   fully alleged herein.

28                                              13

AMENDED COMPLAINT FOR COMPENSATION DUE; PENALTIES PURSUANT TO LABOR CODE
SECTION 203; ITEMIZED WAGE STATEMENT VIOLATIONS; CONVERSION; UNFAIR COMPETITION;
DECLARATORY RELIEF; ACCOUNTING; INJUNCTIVE RELIEF; AND PENALTIES UNDER THE PRIVATE
ATTORNEY GENERAL ACT

1   55.   Defendants were unjustly enriched by the work performed by the Plaintiff and Class

2   Members in that Defendants were compensated by third parties for work performed by the Plaintiff

3   and Class Members, yet there was a material failure in the consideration received by Plaintiff and

4   Class Members, in that they were not compensated by the Defendants for all work performed for

5   the benefit of the Defendants, including performing pre and post trip inspections, standby time and

6   on-call time, as well as not being compensated for their rest time.

7   56.   It would be unjust to allow the Defendants to be enriched at the expense of the

8   Plaintiff and Class Members and the Plaintiff and Class Members are entitled to the reasonable

9   value of their services.

10   Wherefore, Plaintiffs request relief as hereinafter requested.

11   **ELEVENTH CAUSE OF ACTION**

12   **LABOR CODE § 2698 et seq. PRIVATE ATTORNEY GENERAL ACT**

13   **(Plaintiff and each Plaintiff Class member against each Defendant)**

14   57.   Plaintiff incorporates the allegations of paragraphs 1 through 33 of this Amended

15   Complaint as if fully alleged herein.

16   58.   Plaintiff and Class Members are aggrieved employees as defined in Labor Code

17   Section 2699(a). They bring this cause on behalf of themselves and other current or former

18   employees affected by the labor law violations alleged in this Complaint.

19   59.   Defendants committed the following violations of the California Labor Code

20   against Plaintiffs, and, on information and belief, against other current or former employees while

21   they were and are employed by Defendants: (1)  Plaintiff and Class Members were not provided

22   accurate and lawfully itemized pay statements as required by California Labor Code Section 226;

23   (2)  Plaintiff and Class Members were not provided paid rest periods as required under California

24   Labor Code Section 226.7; (3) Plaintiff and Class Members were not paid timely upon termination

25   of their employment and are owed Labor Code Section 203 penalties; (4)  Plaintiff and Class

26   Members worked off the clock and are entitled to wages due; (5) And, Plaintiff and class members

27

28

14

AMENDED COMPLAINT FOR COMPENSATION DUE; PENALTIES PURSUANT TO LABOR CODE
SECTION 203; ITEMIZED WAGE STATEMENT VIOLATIONS;  CONVERSION; UNFAIR COMPETITION;
DECLARATORY RELIEF; ACCOUNTING; INJUNCTIVE RELIEF; AND PENALTIES UNDER THE PRIVATE
ATTORNEY GENERAL ACT

1  were not paid for all hours worked.

2       60.    Pursuant to Labor Code Section 2699(a), Plaintiff seeks to recover civil penalties,

3  as otherwise provided by statute, for which Defendants are liable as a result of their violations of

4  the Labor Code in an amount to be proven at trial.

5      Wherefore, the Plaintiff and Class Members request relief as follows:

6  <u>**VII.  PRAYER FOR RELIEF**</u>

7      Wherefore, Plaintiff, on his own behalf and on behalf of the Plaintiff Class and Sub Class

8  prays as follows:

9      a.    That the court determine that this action may be maintained as a Class Action and

10  certify the Plaintiff Class and Sub Class on the First through Sixth Causes of Action;

11      b.    That the court determine that the failure of the Defendants to pay wages and

12  provide rest periods to the Plaintiff and each Plaintiff Class Member be adjudged and decreed to

13  violate the applicable IWC Wage Orders, regulations and statutes;

14      c.    That judgment be entered for compensation for the Plaintiff and Plaintiff Class

15  Members for wages on the First Cause of Action, according to proof;

16      d.    That judgment be entered for Plaintiff and Plaintiff Class Members for

17  compensation and damages as appropriate on the Second Cause of Action, according to proof;

18      e.    That judgment be entered for Plaintiff and Plaintiff Class Members for penalties on

19  the Third Cause of Action, according to proof;

20      f.    That judgment be entered for Plaintiff and Plaintiff Class Members for damages

21  and/or penalties on the Fourth Cause of Action, according to proof;

22      g.    That judgment be entered for Plaintiff and Plaintiff Class Members for damages on

23  the Fifth Cause of Action, according to proof;

24

25      h.    That the Defendants be found to have engaged in unfair competition in violation of

26  Business and Professions Code Section 17200;

27      i.    That the Defendants be ordered and enjoined to pay restitution to the Plaintiff and

28  15

AMENDED COMPLAINT FOR COMPENSATION DUE; PENALTIES PURSUANT TO LABOR CODE
SECTION 203; ITEMIZED WAGE STATEMENT VIOLATIONS;  CONVERSION; UNFAIR COMPETITION;
DECLARATORY RELIEF; ACCOUNTING; INJUNCTIVE RELIEF; AND PENALTIES UNDER THE PRIVATE
ATTORNEY GENERAL ACT

1    Plaintiff Class Members, due to the Defendants' unlawful and unfair competition, including

2    wrongfully withheld compensation, and interest thereon, pursuant to Business and Professions

3    Code Section 17203 and 17204, on the Sixth Cause of Action according to proof;

4         j.       That judgment be entered for declaratory relief on the Seventh Cause of Action,

5    according to proof;

6         k.       That judgment be entered for accounting on the Eighth Cause of Action, according

7    to proof;

8         l.       That judgment be entered for injunctive relief on the Ninth Cause of Action,

9    according to proof;

10        m.       That judgment be entered for the reasonable value of the Plaintiff's and Class

11   Members' services on the Tenth Cause of Action, according to proof;

12        n.       That judgment be entered for penalties under the Private Attorney General Act on

13   the Eleventh Cause of Action, according to proof;

14        o.       That Plaintiff and class be awarded attorneys' fees and costs pursuant to statute,

15   including but not limited to, Labor Code Sections 218.5, 226, 1194, and 2699.

16        p.       General, Special and Punitive damages as entitled and all other relief as

17   appropriate;

18        q.       Otherwise determine the appropriate remedy to compensate the Plaintiff and

19   Class Members as required to promote fairness and justice, including but not limited to

20   establishing procedures for compensation, compensation amounts and fluid recovery if

21   appropriate;

22        r.       Prejudgment interest;

23        s.       Any other relief as this court deems proper.

24

25

26

27

28

AMENDED COMPLAINT FOR COMPENSATION DUE; PENALTIES PURSUANT TO LABOR CODE
SECTION 203; ITEMIZED WAGE STATEMENT VIOLATIONS; CONVERSION; UNFAIR COMPETITION;
DECLARATORY RELIEF; ACCOUNTING; INJUNCTIVE RELIEF; AND PENALTIES UNDER THE PRIVATE
ATTORNEY GENERAL ACT

Date: March 3 , 2009

WESTRUP KLICK, LLP
LABOR LAW OFFICE, P.C.


Michael L. Carver
Attorney for Plaintiff
JORGE R. QUEZADA, individually and on behalf of
all others similarly situated

AMENDED COMPLAINT FOR COMPENSATION DUE; PENALTIES PURSUANT TO LABOR CODE
SECTION 203; ITEMIZED WAGE STATEMENT VIOLATIONS; CONVERSION; UNFAIR COMPETITION;
DECLARATORY RELIEF; ACCOUNTING; INJUNCTIVE RELIEF; AND PENALTIES UNDER THE PRIVATE
ATTORNEY GENERAL ACT

## PROOF OF SERVICE PAGE

No defendants have appeared. Service not necessary pursuant to CCP §1014.  This
Document will be served pursuant to CCP 413.10 et seq.



MAR 1 8 2009

Jennifer W. Pileggi

**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

CZG / ALL
Transmittal Number: 6475573
Date Processed: 03/17/2009

| | |
|---|---|
| Primary Contact: | Jennifer Pileggi<br>Con-way Inc.<br>2885 Campus Drive<br>San Mateo, CA 94403 |
| Copy of transmittal only provided to: | Lonika Arceneaux |

| | |
|---|---|
| Entity: | Con-way Inc.<br>Entity ID Number 0184387 |
| Entity Served: | Con-Way Inc., dba Con-Way Freight |
| Title of Action: | Jorge R. Quezada vs. Con-Way Inc., dba Con-Way Freight |
| Document(s) Type: | Amended Complaint/Petition |
| Nature of Action: | Labor / Employment |
| Court: | San Mateo County Superior Court, California |
| Case Number: | CIV481284 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 03/16/2009 |
| Answer or Appearance Due: | Other/NA |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Michael L. Carver<br>(530) 891-8503 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# NOTICE OF CASE MANAGEMENT CONFERENCE

Jorge R. Quezada

**ENDORSED FILED**
**SAN MATEO COUNTY**

FEB 1 7 2009

Clerk of the Superior Court
by _A. Dagliantoni_
DEPUTY CLERK

vs.

Con-way Inc.; Et

Case No. _CIV 481284_

Date: _061 26/2009_

Time: 9:00 a.m.

Dept. __ on Tuesday & Thursday
Dept. __ on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of filing the complaint (CRC 201.7).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30 days before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CON-WAY INC.,
dba CON-WAY FREIGHT, and
DOES 1 through 20, Inclusive

**ENDORSED FILED**
SAN MATEO COUNTY

FEB 17 2009

Clerk of the Superior Court
By   A. Degliantoni
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
JORGE R. QUEZADA, individually and on
behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CIV 481284 |
|---|---|

SUPERIOR COURT OF SAN MATEO COUNTY
Hall of Justice
400 County Center                        Redwood City, CA 94063-1655

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael L. Carver                LABOR LAW OFFICE, A.P.C.
1600 Humboldt Road, Suite 3      Chico, CA 95928
(530) 891-8503

DATE: FEB 17 2009          Clerk, by  A. DEGLIANTONI          , Deputy
*(Fecha)*                  *(Secretario)*                       *(Adjunto)*

JOHN C. FITTON

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Con-Way Inc, DBA Connway Freight
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
ESSENTIAL FORMS

SUMMONS

Code of Civil Procedure §§ 412.20, 465

JORGE R. QUEZADA