IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE R. QUEZADA,<br><br>Plaintiff,<br><br>v.<br><br>CON-WAY FREIGHT, INC.,<br><br>Defendant. | No. C 09-03670 JSW<br><br>**ORDER ON MOTION FOR CLASS CERTIFICATION** |

Now before the Court is the motion for class certification filed by Plaintiff Jorge R. Quezada ("Plaintiff"). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants in part and denies in part Plaintiff's motion for class certification.[1]

---

[1] The Court GRANTS Plaintiff's and Defendant's requests for judicial notice. *See* Fed. R. Evid. 201. The Court OVERRULES Defendant's evidentiary objections set forth in its opposition. The Court GRANTS Plaintiff's motion to strike Defendant's evidentiary objections filed on August 21, 2012. Defendant's purported "evidentiary objections" are actually additional argument. Therefore, the Court finds that Defendant filed this document in violation of Northern District Civil Local Rule 7-3 without leave of Court.

Plaintiff challenges Kevin Huner's declaration based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311 (9th Cir. 1995). However, the Court finds it is premature to determine whether Mr. Huner qualifies as an expert and whether his statistical analysis is sufficiently reliable. If Defendant later seeks to rely on this testimony and Plaintiff again contends it should be excluded under *Daubert*, the Court directs Plaintiff to file a fully briefed, noticed motion, citing to legal authority in support of his position. Plaintiff also seeks to exclude Huner's declaration as a sham declaration or, in the alternative, contends that Defendant should be judicially estopped from changing its position at this stage in the litigation. The Court finds that Huner's declaration does not directly contradict the prior deposition testimony cited to by Plaintiff and does not warrant judicial estoppel because the Court did not rely on the fact that linehaul drivers were not actually paid for these categories. Nevertheless, the Court is troubled by Defendant's late-shifting position at this stage in the litigation in an apparent attempt to evade the impact of the Court's summary judgment ruling.

**BACKGROUND**

Plaintiff filed this putative class action against defendant Con-Way Freight, Inc. ("Defendant") alleging violations of the California Labor Code. Defendant employs truck drivers, know as linehaul drivers, to transport freight. In the order on the parties' cross-motions for summary judgment, the Court found that it was undisputed that linehaul drivers' compensation is calculated by multiplying a pre-set milage rate by the number of miles in a trip. Defendant also pays drivers a separate hourly rate for work performed at Defendant's facilities, such as loading and unloading freight. However, linehaul drivers are not compensated at their hourly rate for pre-and post-trip vehicle inspection time, paperwork completion, or for the first hour of wait time over the course of a shift. Defendant treats this time as being built in to the per-mile rate. Plaintiff was employed by Defendant as a linehaul driver and was paid according to this system. (Summary Judgment Order at 2, 4.)

The Court determined that Defendant's pay scheme of "building-in" compensation for non-driving tasks, such pre-and post-trip vehicle inspection time, mandatory paperwork completion, or for the first hour of wait time over the course of a shift, into a per-mile compensation rate violates California law. (Summary Judgment Order at 12.)

Plaintiff brings the following claims against Defendant, *inter alia*: (1) failure to pay wages due under the California labor code for time worked; (2) failure to pay wages for rest periods; (3) penalties for failure to pay all wages due when employment terminated pursuant to California Labor Code § 203; and (4) failure to furnish accurate itemized wage statements pursuant to California Labor Code § 226.

Plaintiff now seeks class certification pursuant to Federal Rule of Civil Procedure 23 for the following class:

> All persons employed by Defendant in the State of California as linehaul drivers who performed services for Defendant in California on or after February 17, 2005 (four years prior to the filing of this action) through the date of trial ("Class period").

For their claim pursuant to California Labor Code § 203, Plaintiff also seeks to certify the following subclass: "All class members who have left their employment with Defendant."

2

**ANALYSIS**

"Class certifications are governed by Federal Rule of Civil Procedure 23," and a plaintiff seeking class certification bears the burden of "demonstrating that he has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007); *see also Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir.), *amended* 273 F.3d 1266 (9th Cir. 2001) (trial court must conduct a "rigorous analysis" to determine whether the requirements of Rule 23 have been met). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively deonstrate his compliance with the Rule – that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). Further, "[c]lass certification is not immutable, and class representative status could be withdrawn or modified if at any time the representatives could no longer protect the interests of the class." *Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003) (citing *Soc. Servs. Union, Local 535 v. County of Santa Clara*, 609 F.2d 944, 948-49 (9th Cir. 1979)).

**A.    Ascertainability.**

As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party seeking class certification must demonstrate that an identifiable and ascertainable class exists. *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009). "'Although there is no explicit requirement concerning the class definition in FRCP 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.'" *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679-80 (S.D. Cal. 1999) (quoting *Elliott v ITT Corp*, 150 F.R.D. 569, 573-74 (N.D. Ill. 1992)). "A class definition should be 'precise, objective and presently ascertainable.'" *Rodriguez v. Gates,* 2002 WL 1162675, 8 (C.D. Cal. 2002) (quoting *O'Connor v. Boeing North American, Inc*., 184 F.R.D. 311, 319 (C.D. Cal. 1998)); *see also* Manual for Complex Litigation, Fourth § 21.222 at 270-71 (2004). While the identity of the class members need not be known at the time of certification, class membership must be clearly ascertainable. *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970). The class definition

must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class member. *See, e.g., Davoll v. Webb*, 160 F.R.D. 142, 144 (D. Colo. 1995).

Plaintiff asserts that the members of the purported class and subclass may be identified through Defendants' records. Defendant does not contest the ascertainability of the purported class or subclass. Accordingly, the Court finds that Plaintiff has set forth an identifiable and ascertainable class and subclasses.

**B.      Rule 23(a) Requirements.**

Class certification is appropriate only if

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). As noted above, the Supreme Court has made clear that "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores*, 131 S.Ct. at 2551. The class can be certified only if the court "is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160-61 (1982).

The Supreme Court has noted that "[f]requently ... 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Wal-Mart*, 131 S.Ct. at 2551. "The district court is required to examine the merits of the underlying claim in this context, only inasmuch as it must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011) (citing *Wal-Mart*, 131 S.Ct. at 2552 n.6 (clarifying that Rule 23 does not authorize a preliminary inquiry into the merits of the

4

1 suit for purposes other than determining whether certification was proper)). "To hold otherwise
2 would turn class certification into a mini-trial." *Ellis*, 657 at 983 n.8.

### 1. Numerosity.

In order to meet their burden on Rule 23(a)'s "numerosity" requirement, Plaintiff must demonstrate that the proposed class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Although "[t]here is no absolute minimum number of plaintiffs necessary to demonstrate that the putative class is so numerous so as to render joinder impracticable[,] ... [j]oinder has been deemed impracticable in cases involving as few as 25 class members. ..." *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623, 628-29 (N.D. Cal. 2005) (internal citations omitted) (finding joinder was impractical where there were over 236 members in the putative class). As another court in this district has recognized "a survey of representative cases indicates that, generally speaking, classes consisting of more than 75 members usually satisfy the numerosity requirement of Rule 23(a)(1)." *Id.* (citing 7A Wright, Miller & Kane *Federal Practice and Procedure:* Civil 3d § 1762 (2005)). In this case, Plaintiff contends that the class of linehaul drivers exceeds three hundred persons. Defendant has not contested numerosity.[2] The Court finds that Plaintiff has met his burden to show that the class is sufficiently numerous.

### 2. Commonality, Typicality, Superiority, and Predominance.

Commonality requires that there be "questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). "The commonality requirement serves chiefly two purposes: (1) ensuring that absentee members are fairly and adequately represented; and (2) ensuring practical and efficient case management." *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) (internal quotation marks omitted). Courts look for "shared legal issues or a common core of facts." *Id.* Where diverging facts underlie the individual claims of class members,

---

[2] In its summary of argument, Defendant states that Plaintiff failed to demonstrate numerosity with respect to the number of people who were not paid for an hour of delay time. (Opp. at 2.) However, Defendant does not actually make this argument in the body of its brief.

5

courts consider whether the issues "at the heart" of those claims are common such that the class vehicle would "facilitate development of a uniform framework for analyzing" each class member's situation. *Id*. at 1123. The class claims "must depend on a common contention," which "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S.Ct. at 2551. The commonality requirement has been construed permissively and is "less rigorous than the companion requirements of Rule 23(b)(3)." *Hanlon*, 150 F.3d at 1019.

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). As with the commonality requirement, the typicality requirement is applied permissively. *Hanlon*, 150 F.3d at 1020. "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id*.; *see also Lozano*, 504 F.3d at 734 ("Under Rule 23(a)(3) it is not necessary that all class members suffer the same injury as the class representative."); *Simpson v. Fireman's Fund Ins. Co.*, 231 F.R.D. 391, 396 (N.D. Cal. 2005) ("In determining whether typicality is met, the focus should be 'on the defendants' conduct and plaintiff's legal theory,' not the injury caused to the plaintiff.") (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). Thus, typicality is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (quoting *Marisol v. Giuliani,* 126 F.3d 372, 376 (2nd Cir. 1997)).

In order to certify a class under Rule 23(b)(3), Plaintiff must establish that "common questions . . . 'predominate over any questions affecting only individual members,'" and also must establish that class resolution is "'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Hanlon*, 150 F.3d at 1022 (quoting Fed. R. Civ. P. 23(b)(3)). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The focus is "on the relationship between the common and

6

individual issues. When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

A plaintiff can satisfy the superiority requirement when he or she can show that "class-wide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). In order to make this determination, the Court should consider the following factors: "the interest of members of the class in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3)(A)-(D).

Defendant argues that the majority of linehaul drivers have, in fact, been paid for conducting some pre- and post-trip inspections, including Plaintiff, and that based on this argument, Plaintiff cannot show commonality, typicality, predominance or superiority. Defendant argues that Plaintiff would need to proffer records of each driver to establish liability. However, the Court has already determined that Defendant's undisputed pay scheme is to not separately compensate linehaul drivers for the time it takes to conduct these inspections. The Court further held Defendant's pay scheme violates California law. Now, despite its pay scheme, Defendant presents evidence to show that some linehaul drivers were in fact paid for some of their inspection time. Presumably, in light of Defendant's pay scheme, Defendant would take the position that such pay was unauthorized. Whether some drivers were in fact paid separate compensation, in violation of Defendant's pay scheme, is an issue that goes to damages, not class certification. The Ninth Circuit has explained that individual questions regarding damages will not adversely affect plaintiffs' ability to demonstrate the predominance of common questions. *See Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment.");

7

*see also Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands,* 244 F.3d 1152, 1163 (9th Cir. 2001).

Defendant further argues that Plaintiff's motion should be denied with respect to his claims for post-trip inspections and paperwork completion because these claims are *de minimus*. However, this argument addresses the merits of Plaintiff's claims. "The district court is required to examine the merits of the underlying claim in this context, only inasmuch as it must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011) (citing *Wal-Mart*, 131 S.Ct. at 2552 n.6 (clarifying that Rule 23 does not authorize a preliminary inquiry into the merits of the suit for purposes other than determining whether certification was proper)). "To hold otherwise would turn class certification into a mini-trial." *Ellis*, 657 at 983 n.8. Therefore, the Court will not address at this time whether Plaintiff's and the purported class members' claims are *de minimus*.

Defendant also argues that Plaintiff's claim for compensation for completion of mandatory paperwork would be difficult to administer on a class-wide basis because drivers complete paperwork in small amounts of time throughout the day. Defendant contends that it would be difficult to determine how much time is spent on this task each day by each linehaul driver. Plaintiff argues that these tasks are highly repetitive and that any differences in the amount of time it takes each driver to complete these tasks would be only minor. Plaintiff suggests that quantifying the time spent by class members on these tasks could be determined by representative testimony from class members. To the extent the amount of time it takes each driver to complete their mandatory paperwork is relatively uniform, the Court finds it is appropriate to adjudicate this claim on a class-wide basis. However, if it later becomes evident that there are more than minor variations in the class-members' respective time completing paperwork, Defendant may move to decertify the class.

With respect to Plaintiff's claim for compensation for the first hour of delay time, Defendant argues that linehaul drivers were paid for this time prior to August 2008 and that after August 2008, the failure to pay drivers for an hour of delay time did not occur frequently.

1 Defendant summarily argues that the limited number of times linehaul drivers were not paid for
2 the first hour of delay time "reveals that Plaintiff has not established commonality, typicality,
3 predominance or superiority[,]" but fails to not explain how these factors are actually affected.
4 (Opp. at 17.) The Court finds that, again, the issue raised by Defendant does not impact the
5 manageability of a class action or whether Plaintiff's claims are typical. The times when
6 Defendant did not paid linehaul drivers for the first hour of delay time is something that is
7 readily determinable from Defendant's records.

8 Therefore, the Court finds that the proposed class and sub-class share sufficient
9 commonality to satisfy the requirements of Rule 23(a)(2), that Plaintiff has satisfied the
10 typicality requirement, and that, with the exception of Plaintiff's claims regarding inaccurate
11 wage statements, common legal questions predominate over individualized issues. The Court
12 also finds that Plaintiff has met his burden to show that a class action would be a superior
13 method for resolving this litigation.

14 However, with respect to Plaintiff's claims regarding inaccurate itemized wage
15 statements, the Court finds that individualized issues predominate. To state a claim for
16 violation of California Labor Code § 226, "an employee must suffer injury as a result of a
17 knowing and intentional failure by an employer to comply with the statute." *Price v. Starbucks*
18 *Corp.*, 192 Cal. App. 4th 1136, 1142 (2011). Moreover, the mere failure to include all of the
19 required information is insufficient to state a claim. Instead, an employee must demonstrate
20 that he or she suffered an injury arising from the missing information. *Id.* at 1142-43. Plaintiff
21 has not submitted any evidence to show that he, or any other class members, suffered any injury
22 as a result of Defendant's failure to provide accurate itemized wage statements. Accordingly,
23 Plaintiff fails to demonstrate that there were injuries suffered by class members which could or
24 should be adjudicated on a class-wide basis. Accordingly, the Court denies Plaintiff's motion
25 for class certification with respect to Plaintiff's claims for inaccurate itemized wage statements.

26 **3. Adequacy of Representation.**

27 Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect
28 the interests of the class." Fed. R. Civ. P. 23(a)(4). "To satisfy constitutional due process

9

1  concerns, absent class members must be afforded adequate representation before entry of a
2  judgment which binds them." *Hanlon*, 150 F.3d at 1020. In order to determine whether the
3  adequacy prong is satisfied, courts consider the following two questions: "(1) [d]o the
4  representative plaintiffs and their counsel have any conflicts of interest with other class
5  members, and (2) will the representative plaintiffs and their counsel prosecute the action
6  vigorously on behalf of the class?" *Staton*, 327 F.3d at 957; *see also Fendler v. Westgate*
7  *California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975) (noting that representative plaintiffs and
8  counsel also must have sufficient "zeal and competence" to protect the interests of the class).
9  "'[T]he adequacy-of-representation requirement is satisfied as long as one of the class
10 representatives is an adequate class representative.'" *Rodriguez v. West Publishing Co.*, 563
11 F.3d 948, 961 (9th Cir. 2009) (quoting *Local Joint Executive Bd. of Culinary/Bartender Trust*
12 *Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 n.2 (9th Cir. 2001) (brackets added in
13 *West*)). The Court concludes, based on the record presented, that Plaintiff is an adequate class
14 representative and that Plaintiff's counsel will vigorously prosecute this action on behalf of the
15 class.

16 **4. Plaintiff's Subclass.**

17 Defendant argues that Plaintiff's proposed subclass is too broad because the statute of
18 limitations for penalties under California Labor Code § 203 is three years. *See Peneda v. Bank*
19 *of America, N.A.*, 50 Cal. 4th 1389, 1395 (2010). Plaintiff does not respond to this argument.
20 Because the statute of limitations is three years, the Court finds that Plaintiff's proposed
21 subclass should be limited to all persons who were employed by, but have subsequently left
22 their employment with, Defendant in the State of California as linehaul drivers who performed
23 services for Defendant in California on or after February 17, 2006.

24 **CONCLUSION**

25 For the reasons set forth above, Plaintiffs' motion for class certification is GRANTED
26 IN PART and DENIED IN PART. The Court DENIES Plaintiff's motion to certify the
27 proposed class with respect to his claim for waiting time penalties under California Labor Code
28

10

§ 203 and limits Plaintiff's proposed subclass to comply with the three-year statute of limitations. The Court GRANTS the remainder of Plaintiff's motion for class certification.

**IT IS SO ORDERED.**

Dated: October 15, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE