IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JORGE R. QUEZADA,

    Plaintiff,

v.

CON-WAY FREIGHT, INC.,

    Defendant.

                                                 /

No. C 09-03670 JSW

**ORDER REQUIRING FURTHER BRIEFING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now before the Court is the motion for partial summary judgment filed by defendant Con-Way Freight, Inc. ("Defendant"). To state a claim for failure to provide accurate itemized wage statements in violation of California Labor Code § 226, "an employee must suffer injury as a result of a knowing and intentional failure by an employer to comply with the statute." *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142 (2011). Moreover, the mere failure to include all of the required information is insufficient to state a claim. Instead, an employee must demonstrate that he or she suffered an injury arising from the missing information. *Id*. at 1142-43.

Plaintiff Jorge R. Quezada testified in a deposition that he was not aware of any facts that he was damaged by the format of his wage statement. (Declaration of Richard R. Rahm, Ex. A (Deposition of Jorge R. Quezada) at 171:4-174:23.) To the extent Plaintiff seeks to alter this evidence through his declaration, to show that he was confused by the codes in the "driver detail" attached to his wage statement and that his wage statements failed to include all of his hours worked, his declaration contradicts his prior deposition testimony. The Court finds that

this portion of her declaration is a sham affidavit and is thus stricken under *Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991). In the absence of this stricken testimony, Plaintiff fails to submit any evidence to show that he suffered any injury as a result of Defendant's failure to provide accurate itemized wage statements.

However, in January 2013, California Labor Code § 226(e) was amended to provide:

> (B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
> (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

Cal. Labor Code § 226. Plaintiff does not address whether this amendment merely clarified the statute's requirements or was a substantive change that does not apply retroactively. To the extent the amendment was merely a clarification of existing law, Plaintiff's failure to submit evidence regarding his injury would not be material. In the interests of fairness, the Court will provide Plaintiff with an opportunity to address the impact of this statutory amendment. By no later than November 14, 2013, Plaintiff shall provide a supplemental opposition of no more than five pages to address this issue. Defendant may file a response of no more than five pages by no later than November 20, 2013.

The Court HEREBY VACATES the hearing set for November 8, 2013 and will reset the hearing at a later date, if necessary.

**IT IS SO ORDERED.**

Dated: November 7, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2