IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE R. QUEZADA,<br><br>     Plaintiff,<br><br>  v.<br><br>CON-WAY FREIGHT, INC.,<br><br>     Defendant. | No. C 09-03670 JSW<br><br>**ORDER REGARDING DEFENDANT'S MOTION FOR DECERTIFICATION** |

Now before the Court is the motion to decertify the class filed by defendant Con-Way Freight, Inc. ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 17, 2014 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby denies Defendant's motion.

As the parties are familiar with the facts and procedural history of this case, there is no need to recite them here, except where useful in reaching the disposition.

**ANALYSIS**

**A.    Legal Standard on Motion to Decertify.**

Pursuant to Federal Rule of Civil Procedure 23(c)(1)(C), an order certifying a class "may be altered or amended before final judgment." In considering a motion to decertify, "a court must reevaluate whether the class continues to meet the requirements of Rule 23." *Bruno v. Eckhart Corp.,* 280 F.R.D. 540, 544 (C.D. Cal. 2012). Plaintiff bear the burden of showing

that class certification is still warranted. *Marlo v. United Parcel Service, Inc.,* 639 F.3d 942, 947 (9th Cir. 2011).

**B.      Defendant's Motion.**

Defendant moves to decertify on the grounds that individual issues predominate. First, Defendant argues that individual issues predominate because the Court must make a determination for each hour worked by every linehaul driver in the class as to whether it is liable for failing to pay its employees less than minimum wage. According to Defendant, this may be considered a liability issue, an affirmative defense issue, or a damages issue.

In the order granting Plaintiff's motion for class certification, the Court noted that it was troubled by Defendant's late-shifting position at that stage in the litigation in an apparent attempt to evade the impact of the Court's summary judgment ruling. Defendant is trying, yet again, to avoid the impact of the Court's summary judgment ruling. The Court previously held on cross-motions for summary judgment that Defendant's compensation scheme – purporting to include payment for certain tasks, such as waiting time, conducting inspections, and doing paperwork, in its piece rate compensation for driving – violates California law.

Without moving for leave to file a motion for reconsideration of the Court's determination of liability, Defendant argues that it is not liable for failing to compensate for certain tasks, so long as within an hour, an employee earns sufficient wages that amount to minimum wage through some task that is compensable. The first problem with Defendant's argument is that it failed to properly move for leave to file a motion for reconsideration. Pursuant to Northern District Civil Local Rule 7-9, a party must seek leave to file of court before filing a motion for reconsideration. N.D. Civ. L.R. 7-9(a).

Moreover, even if Defendant had moved for leave, it does not make any showing that leave would be warranted. A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented

2

before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c). Defendant has not made a showing on any of these grounds.

Finally, even if the Court were to grant leave to file a motion for reconsideration, Defendant has not demonstrated that the Court's determination that Defendant's pay scheme violates California law was incorrect. At most, Defendant cites to an unpublished district court case that does not analyze the case law on this topic. *See Cole v. CRST, Inc.*, 2012 WL 4479237, *7 (C.D. Cal. Sept. 27, 2012). Notably, the court in *Cole* fails to address the impact of California Labor Code sections 221, 222, and 223 on the determination of liability.

As the court addressed in *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 320 (2005), and as discussed in a persuasive DLSE opinion letter, California Labor Code sections 221, 222, and 223 require courts to consider whether an employee earns at least minimum wage for every hour (or part of every hour) in isolation as opposed to on average. Those statutory provisions "clearly prohibit an employer from receiving from the employee, withholding from the employee, or secretly paying to the employee, some amount less than the employee's actual agreed wages for work performed by the employee. *Id*. California Labor Code sections 221, 222, and 223 preclude an employer "from using any part of the wage payments that are required under [a collective bargaining agreement ("CBA")] or other contract for activities that are compensated in an amount that equals or exceeds the minimum wage, as a credit for satisfying minimum wage obligations for those activities that are compensated at less than the minimum wage under the CBA or contract. ..." *Id*. (quoting the DLSE opinion letter dated January 29, 2002).

Defendant cites to language taken out of context from *Armenta* and in *Gonzalez v. Downtown LA Motors, LP*, 215 Cal. App. 4th 36, 46-47 (2013) to support its argument that so long as an employee receives at least minimum wage within every hour from compensable tasks, there is no violation of California law. (Mot. at 14 (quoting *Armenta*, 135 Cal. App. 4th at 324 ("[t]he minimum wage standard applies to each hour worked") and *Gonzalez*, 215 Cal. App. 4th at 46-47 (same).) However, neither *Armenta* nor *Gonzales* held that an employer does

3

1  not violate California law by failing to pay at least minimum wage for certain tasks, so long as
2  an employee receives at least minimum wage from other tasks within an hour. In fact, as
3  discussed above, the reasoning of both *Armenta* and *Gonzales* supports the opposite conclusion.
4  *See Armenta*, 135 Cal. App. 4th at 323 (California Labor Code "Sections 221, 222, and 223
5  articulate the principal that all hours must be paid at the statutory or agreed rate and no part of
6  this rate may be used as a credit against a minimum wage obligation."); *Gonzalez*, 215 Cal.
7  App. 4th at 47-48.

8  Therefore, the Court finds that the determination that Defendant's compensation scheme
9  violates California law was not incorrectly decided. Based on the order on cross-motions for
10 summary judgment, Defendant's liability has been established.

11 Defendant further argues that the Supreme Court's recent opinion in *Comcast Corp. v.
12 Behrend*, --- U.S. ---, 133 S.Ct. 1426, 1433 (2013), supports decertification where "[q]uestions
13 of individual damage calculations will inevitably overwhelm questions common to the class."
14 However, the Ninth Circuit clarified in *Leyva v. Medline Industries*, *Inc.*, 716 F.3d 510 (9th Cir.
15 2013), that *Comcast* reversed an order granting class certification because the plaintiffs in that
16 case used a damages model that "did not isolate damages resulting from any one theory of
17 antitrust impact." *Id*. at 514 (quoting *Comcast*, 133 S.Ct. at 1431). Therefore, the plaintiffs
18 failed to show that their damages stemmed from the defendant's actions that created the legal
19 liability. *Id*. In contrast, in *Leyva*, a wage-and-hour case, if the putative class members
20 demonstrate the employer's liability, then "damages will be calculated based on the wages each
21 employee lost due to [the employer's] unlawful practices." *Id*.; *see also In re: High-Tech
22 Employee Antitrust Litig.*, --- F. Supp. 2d ---, 2013 WL 5770992, *13 (N.D. Cal. Oct. 24. 2013)
23 (*Comcast* does not pose a barrier to class certification so long as "damages will be calculated
24 based on the wages each employee lost due to [defendant]'s unlawful practices.") (quoting
25 *Leyva*, 716 F.3d at 513-14).

26 The Ninth Circuit confirmed in *Leyva* that "[i]n this circuit, ... damage calculations alone
27 cannot defeat certification." *Leyva*, 716 F.3d at 513 (quoting *Yokoyama v. Midland Nat'l Life
28 Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010). The court noted that "damages determinations

4

are individual in nearly all wage-and-hour class actions." *Id*. Here, as in *Leyva*, this is a wage-and-hour case. The damages that are owed to class members are owed due to Defendant's unlawful practices. The fact that individualized determinations regarding the amount of damages owed to each class member may need to be made is insufficient, standing alone, to defeat certification. *Id*. Accordingly, the Court denies Defendant's motion for decertification.

**CONCLUSION**

For the reasons set forth above, the Court DENIES Defendant's motion for decertification.

**IT IS SO ORDERED.**

Dated: January 16, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5