Stanley D. Saltzman, Bar No. 90058
Marcus J. Bradley, Bar No. 174156
Christina A. Humphrey, Bar No. 226326
Kiley L. Grombacher, Bar No. 245960
Leslie H. Joyner, Bar No. 262705
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208
Agoura Hills, California 91301-1555
Telephone:    818.991.8080
Facsimile:    818.991.8081
ssaltzman@marlinsaltzman.com
mbradley@marlinsaltzman.com
chumphrey@marlinsaltzman.com
kgrombacher@marlinsaltzman.com

Attorneys for Plaintiff
JORGE R. QUEZADA and THE CLASS

Barrett K. Green, Bar No. 145393
LITTLER MENDELSON PC
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Telephone:    310.553.0308
Facsimile:    310.553.5583
bgreen@littler.com

Attorneys for Defendant
CON-WAY FREIGHT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE R. QUEZADA, individually, and on behalf of all others similarly situated,, <br><br> Plaintiff, <br><br> v. <br><br> CON-WAY FREIGHT, INC. <br><br> Defendant. | Case No.  C 09-03670 JSW <br><br> **STIPULATION AND [PROPOSED] ORDER (1) APPROVING REVISED CLASS NOTICE AND CLASS DEFINITION, AND (2) MODIFYING TRIAL AND RELATED CASE MANAGEMENT DATES** |

**TO THE HONORABLE COURT AND THE CLERK OF THE COURT:**

WHEREAS, in late 2013 Marlin & Saltzman, LLP was approved by the Court to substitute for Westrup Klick, LLP as counsel for the class in the within-action;

WHEREAS, upon being approved as class counsel Marlin & Saltzman, LLP reached out to defense counsel, Littler Mendelson PC, to discuss such matters as case management, exchange of information, trial plan, class notices, damages analysis, and settlement;

WHEREAS, as of the time Marlin & Saltzman, LLP was approved as class counsel the class notices had as yet not been transmitted to class members;

WHEREAS, from December 2013 through the present, Marlin & Saltzman and Littler Mendelson have met and conferred at length in person, by telephone, and in writing and candidly exchanged information on such matters as case management, trial plan, class notices, damages analysis, and settlement;

WHEREAS, counsel for both parties have met at length in person in good faith to discuss a framework for resolving issues of liability and claimed damages and penalties;

WHEREAS, the parties believe these meetings have allowed them to substantially narrow the issues in dispute and that there is a reasonable possibility of reaching an acceptable compromise of claims that would obviate a class trial;

WHEREAS, the parties would like to engage in settlement efforts through the Magistrate or a private mediation before expending very large sums in final trial preparation and trial;

WHEREAS, the parties believe it will be necessary to exchange further information in advance of such a settlement conference or mediation;

WHEREAS, it is anticipated that the parties will require another 4-6 weeks or so to complete the exchange of information and that the settlement conference/mediation would be held in or about mid-to-late April 2014;

WHEREAS, no class notice has as yet been transmitted to class members in the case;

WHEREAS, Marlin & Saltzman proposed revisions to the existing class notice, and proposed a change in the definition of the class to cover the period through December 31, 2013, instead of through October 31, 2013;

WHEREAS, Littler Mendelson and Marlin & Saltzman have reached agreement on a revised class notice and a revised definition of the class which is more current than the previously submitted class notice [Doc No 133];

WHEREAS, with the current trial date, by the time the class notices are transmitted to class members and time is allowed for class members to exercise their rights to opt out of the class should they so wish, trial will have commenced or be nearly commencing, making it not reasonably possible to determine the plaintiffs and witnesses for trial in advance of trial so as to allow the parties to determine which witnesses they are representing and which they are allowed to contact;

WHEREAS, counsel for the parties have coordinated schedules and, if acceptable to the Court, a revised trial date in or about August 2014 would allow for issuance of class notices, conclusion of settlement efforts, and completion of trial preparation, given existing trial calendars and schedules of the parties;

WHEREAS, the parties respectfully submit that good cause exists for the requested changes in schedule in order to allow for proper class notice and trial preparation, and that judicial economy warrants allowing the parties a further opportunity to resolve their disputes short of trial;

NOW THEREFORE, the parties hereby stipulate and respectfully propose as follows:

1. That the Court approve the form of the revised class notice attached hereto as Exhibit 1;

2. That the Court approve the following revised definition of the class:

All persons employed by Defendant in the State of California as linehaul drivers who performed services for Defendant in California on or after February 17, 2005 (four years prior to the filing of this action) through December 31, 2013 ("Class

period").

      3.    That the Court continue the trial and all related case management dates (including the pretrial conference) by three months, or by such additional amount as convenient for the Court.

SO REQUESTED AND STIPULATED:

Dated: February 26, 2014

                                            /s/ Stanley D. Saltzman
                                          Stanley D. Saltzman, Bar No. 90058
Christina A. Humphrey, Bar No. 226326
MARLIN & SALTZMAN, LLP
Attorneys for Plaintiff
JORGE R. QUEZADA AND THE CLASS

Dated: February 26, 2014

                                          /s/ Barrett K. Green
                                          Barrett K. Green
LITTLER MENDELSON PC
Attorneys for Defendant
CON-WAY FREIGHT INC.

STIPULATION AND [PROPOSED] ORDER (1) APPROVING REVISED CLASS NOTICE AND DEFINITION, AND (2) MODIFYING TRIAL AND RELATED CASE MANAGEMENT DATES  CASE NO. C 09-03670 JSW

-3-

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE R. QUEZADA,<br>Plaintiff,<br>v.<br>CON-WAY FREIGHT INC.,<br>Defendant. | Case No. C 09-03670 JSW |

**IF YOU ARE OR WERE AN EMPLOYEE OF CON-WAY FREIGHT INC. ("CON-WAY"), A CLASS ACTION MAY AFFECT YOUR RIGHTS.**

- A former employee has sued Con-way, alleging Con-way's failure to comply with the wage payment requirements of the California Labor Code.

  The Court has allowed the lawsuit to be a class action on behalf of all persons who worked in Linehaul assignments in California during the class period (February 17, 2005 through December 31, 2013) ("Class period").

- The Court has not determined that Con-way owes any money now, and the Court may ultimately determine that Con-way does not owe any money in this case. This notice is being sent to apprise you of the following choice you must make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome.**<br><br>By doing nothing, the lawyers who filed the class action will become your lawyers and you will be a class member in the case. Lawyers must prove the claims against Con-way at a trial, which has been scheduled by the Court. If money or benefits are obtained from Con-way, you will be notified about how to ask for a share. |
| **ASK TO BE EXCLUDED** | **Do not participate in this lawsuit. Retain the right to file your own lawsuit if you so wish.**<br><br>If you ask to be excluded, you will not be participating in this lawsuit. In that instance, you may file your own lawsuit, on your own or with a lawyer. You keep any rights to sue Con-way separately about the same legal claims brought in this lawsuit. |

- Your options are explained in this notice. To ask to be excluded, you must act before [**insert date forty-five days after mailing**]

- Lawyers must prove the claims against Con-way at a trial which has been scheduled by the Court. If money or benefits are obtained from Con-way, you will be notified about how to ask for a share.

- Any questions? Read on.

## BASIC INFORMATION

### I.      Why did I get this Notice?

Con-way's records show that you currently work, or previously worked, for Con-way in a Linehaul assignment at some point between February 17, 2005 and December 31, 2013. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against Con-way, on your behalf, are correct. Judge Jeffrey S. White of the United States District Court for the Northern District of California is overseeing this class action. The lawsuit is known as *Quezada v. Con-way Freight, Inc.*, Case No. C 09-03670 JSW.

### II.     What is this lawsuit about?

This lawsuit is about whether Con-way violated the wage payment requirements of the California Labor Code

### III.    What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Jorge R. Quezada) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The former employee who sued—and all the Class Members like him —are called the Plaintiffs. The company sued (in this case Con-way) is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

### IV.     Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

## THE CLAIMS IN THE LAWSUIT

### V.      What does the lawsuit complain about?

In the lawsuit, the Plaintiffs say that Con-way violated California labor laws and regulations by: (i) failing to pay wages for all hours worked; and (ii) failing to properly pay all wages owed to employees upon termination of the employment relationship. You can read the Plaintiffs' Class Action Complaint at [insert URL].

2

## VI.   How does CON-WAY answer?

Con-way denies that it did anything wrong and says that it complied with all applicable laws and regulations regarding the payment of wages. Con-way's Answer to the Complaint can be found at [insert URL].

## VII.   What are the Plaintiffs asking for?

The Plaintiffs are asking for Con-way to pay drivers for violations of the wage payment rules. The Plaintiffs are asking for changes in Con-way's practices which they contend violate California wage laws.

## VIII.   Does Con-way owe any money now?

The Court has not yet decided whether Con-Way or the Plaintiffs are correct on all the legal and factual issues, nor whether Con-way owes any money. While the Court has made various pre-trial rulings on issues presented, the final result to determine whether Con-Way must pay any money will not be known until the trial of the case.

By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose the case at trial (see "The Trial" section, below, on page 5.) The Plaintiffs must prove their claims at trial.

If you remain in the class and money is found to be owed, you will be notified about how to ask for any amount you are owed.

## WHO IS IN THE CLASS?

## IX.   Am I Part of this Class?

The Court has decided that all persons who worked in Linehaul Assignments in California during the Class Period (on or after February 17, 2005 through December 31, 2013) are Class Members.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

## X.   What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing you are staying in the Class. If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, Con-way—as part of any other lawsuit— about the same legal claims that are the subject of this lawsuit. This means that if you do nothing you will be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

**XI.      Why would I ask to be excluded?**

If you have already filed your own lawsuit against Con-way for unpaid wages, interest, and/or penalties and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class -- which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class -- you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between Con-way and the Plaintiffs. However, you may then be able to sue or continue to sue Con-way for unpaid wages and/or interest and penalties arising from wage payment violations. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action. You may also opt-out for any other reason, including your desire not to be involved in the lawsuit in any manner.

If you start your own lawsuit against Con-way after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Con-way, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations, meaning that it may be too late for you to file your own lawsuit.

Note that if you exclude yourself from this lawsuit and you are currently employed by Con-way, any changes made to Con-way's policies and practices about wage payment would still apply to you.

**XII.      How do I ask the Court to exclude me from the Class?**

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Quezada v. Con-way*. Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request postmarked by [insert date forty-five days after mailing], to: *Quezada v. Con-way* Exclusions, [TPA Name and Address].    You    may    also    get    an    Exclusion    Request    form    at    the    website, www._____.com.

## THE LAWYERS REPRESENTING YOU

**XIII.     Do I have a lawyer in this case?**

The Court has decided that the law firms of Marlin & Saltzman, LLP, and Labor Law Offices, APC are qualified to represent you and all Class Members as "Class Counsel." They are experienced in handling similar cases against other employers. More information about these law firms, their practices, and their lawyers' experience is available at www.marlinsaltzman.com and www.laborlawoffice.com.

**XIV.     Should I get my own lawyer?**

If you choose to be part of the class, you will not need to hire your own lawyer because Class Counsel will work on your behalf.

**XV.      How will the lawyers be paid?**

If Class Counsel get money or benefits for the Class after prevailing at trial, they will ask the Court for fees and expenses. You won't have to pay these fees and expenses. If Class Counsel gets money or benefits for the Class as part of a settlement, the fees and expenses would likely be part of the total funds paid by Con-way in settlement of the matter.

## THE TRIAL

### XVI.   How and when will the Court decide who is right?

As long as the case is not resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial. The trial has been set to commence April 21, 2014.  During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

### XVII.   Do I have to come to the trial?

You do not need to attend the trial, unless called as a witness.  Class Counsel will present the case for the Plaintiffs, and Con-way will present the defenses.  You or your own lawyer are welcome to come at your own expense.

### XVIII. Will I get money after the trial?

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

## GETTING MORE INFORMATION

Visit the website, [insert URL], where you will find the Court's Order Certifying the Class, the Complaint that the Plaintiffs submitted, the Defendant's Answer to the Complaint, as well as an Exclusion Request form. You may also speak to one of the Plaintiff's lawyers, by calling Marlin & Saltzman at 818-991-8080, or at their toll-free number, 888-xxx-xxxx.


Dated: _____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE R. QUEZADA, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CON-WAY FREIGHT, INC.,<br><br>    Defendant. | Case No.  C 09-03670 JSW<br><br>**[PROPOSED] ORDER (1) APPROVING REVISED CLASS NOTICE AND CLASS DEFINITION, AND (2) MODIFYING TRIAL AND RELATED CASE MANAGEMENT DATES**<br><br>Final Pretrial<br>Conference Date:   March 31, 2014<br>Trial Date:           April 21, 2014 |

# ORDER

The Court, having considered the parties' STIPULATION AND [PROPOSED] ORDER (1) APPROVING REVISED CLASS NOTICE AND CLASS DEFINITION, AND (2) MODIFYING TRIAL AND RELATED CASE MANAGEMENT DATES and good cause appearing therefor, the Court hereby orders as follows:

1.    The Court approves the form of the revised class notice attached to the parties Stipulation as Exhibit 1.

2.    The Court approves the following revised definition of the class:

All persons employed by Defendant in the State of California as linehaul drivers who performed services for Defendant in California on or after February 17, 2005 (four years prior to the filing of this action) through December 31, 2013 ("Class period").

3.    The Court continues the trial and all related case management dates (including the pretrial conference) as follows: July 28, 2014 (pretrial conference) and August 25, 2014 (trial). Jury selection will begin on August 20. 2014.

**IT IS SO ORDERED.**

DATED: March 3, 2014

HONORABLE JEFFREY S. WHITE
U.S. DISTRICT COURT JUDGE

ORDER APPROVING REVISED CLASS NOTICE & CLASS
DEFINITION & MODIFYING TRIAL AND RELATED CASE
MANAGEMENT DATES (NO. C 09-03670 JW)

1.