UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE R. QUEZADA, et al., <br><br> Plaintiff, <br><br> v. <br><br> CON-WAY FREIGHT, INC., <br><br> Defendants. | Case No. 09-CV-03670 JSW(NJV) <br> (Assigned to Hon. Jeffrey S. White) <br><br> **CLASS ACTION** <br><br> [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT |

This matter came before the Court on the motion filed by Plaintiff, on behalf of himself and the previously certified class, for preliminary approval of a proposed class action settlement. The Court, having considered and reviewed the documents, arguments and evidence submitted by the moving party, and good cause appearing therefore, does hereby GRANT the motion, and FINDS and ORDERS as follows:

1.  This Court previously certified Plaintiff classes. With the exception of the end date if the class period being extended to June 30, 2014, the Classes as certified are the same as the Settlement Class which are defined as follows:

    A.  "Minimum Wage Settlement Class" defined as follows:

    All persons employed by Defendant in the State of California as linehaul drivers who performed

services for Defendant in California on or after February 17, 2005 (four years prior to the filing of this action) through June 30, 2014 ("Class Period").

     B.  "Waiting Time Penalty Settlement Class" defined as follows:

All persons employed by Defendant in the State of California as linehaul drivers who performed services for Defendant in California during the Class Period who separated from employment with Con-way between February 17, 2006, and June 30, 2014.

(Members of the Waiting Time Settlement Class may also be referred to as "Waiting Time Penalty Class Members.")

  2.  If for any reason the Court does not grant final approval of the settlement, each Party shall retain all of their respective rights in connection with the prior Certification Orders.

  3.  The Court finds on a preliminary basis that the proposed terms of the settlement as set forth in the Stipulation For Class Action Settlement ("Settlement Agreement") attached as Exhibit A to the motion are reasonable, and therefore grants preliminary approval of the proposed settlement, with the following minor revisions to the Settlement Agreement:

    a.  On page 13, line 2 and lines 5-6 of the Settlement Agreement, the denominator is corrected to read, "Total Number Of Waiting Time Penalty Settlement Class Members Who Do Not Opt Out."

    b.  On page 19, lines 23-24 of the Settlement Agreement, the procedure will be modified so that skip traces will be performed on those notices that are returned as undeliverable or unclaimed, and should the skip traces reveal a new address the notices will be re-mailed to those new addresses.

    c.  On page 7, lines 18-20, the Waiting Time Penalty Class is corrected to reflect that the class period is from February 17, 2006 (as opposed to 2005), though June 30, 2014.

Based on a review of the papers submitted with the motion, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims and had become familiar with the strengths and weaknesses of those claims. The assistance of an experienced negotiator in the settlement process supports the Court's conclusion that the settlement is non-collusive.

4.      The Court finds and concludes that the Notice of Settlement, as well as the procedure set forth in the Settlement Agreement for providing notice to the Class, will provide the best notice practicable, satisfies the notice requirements of Rule 23(c), and adequately advises Class Members of their rights under the settlement, and therefore meets the requirements of due process.

5.      The Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this action, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information about Plaintiffs' and Class Counsel's applications for Class Representatives' Enhancement Awards, and the Class Counsel's attorneys' fees and litigation and cost award; (3) appropriate information about how to claim a share of the proceeds under the settlement, and about Class Members' rights to appear through counsel if they desire; (4) appropriate information about how to object to the settlement, if a Class Member wishes to do so; (5) appropriate instructions as to how to obtain additional information regarding this action and the Settlement.

6.      The proposed plan for mailing the Notice by first class mail to the Class Members' last known address is an appropriate method, reasonably designed to reach all individuals who would be bound by the settlement. There is no alternative method of distribution that would be more practicable, and any more reasonably likely to notify Class. The proposed Notice and the notice plan are the best practicable notice under the facts and circumstances of this case.

7.      The parties are ordered to carry out the settlement according to the terms of the Settlement Agreement.

8.      The Court appoints CPT Group, Inc. as the Claims Administrator. Promptly following entry of this order, the Claims Administrator will prepare a final version of the Notice, incorporating into it the relevant dates and deadlines set forth in this order and the Settlement Agreement and will commence the notice process in accordance with the scheduling order set forth below.

9.      The deadline for filing objections to the settlement shall be in conformity with the Settlement Agreement and the scheduling order set forth below.

10.     Objections by any Plaintiff Settlement Class Member to: (a) the proposed settlement contained in the Settlement Agreement and described in the class notice; (b) the payment of fees and

1  reimbursement of expenses to Plaintiffs' Counsel; (c) Enhancement Award to the Class

2  Representatives; and/or (d) entry of the Judgment shall be heard, and any papers submitted in support

3  of said objection shall be considered by the Court at the Final Approval Hearing only if, on or before

4  __December 2__, 2014, such objector files with the Clerk of the United States District Court for

5  the Northern District of California: (1) a notice of his, her or its objection and a statement of the basis

6  for such objection; (2) if applicable, a statement of his, her or its intention to appear at the Final

7  Approval Hearing. In order to be considered for hearing, all objections must be submitted to the Court

8  on or before __December 2__, 2014. A Settlement Class Member need not appear at the Final

9  Approval Hearing in order for his or her objection to be considered.

10       11. No later than ten days before the Final Approval Hearing, the Parties shall file all papers [Court inserted above "ten"]

11  in support of the Motion for Final Approval of the Settlement and/or any papers in response to any

12  valid and timely objection with the Court, and shall serve copies of such papers upon each other and

13  upon each other and upon any objector who has complied with the provisions of this Order.

14       12. No later than twenty-eight (28) days before the last day to object to the Settlement, Class

15  Counsel shall file their motion for an award of attorneys' fees, costs, and for class representative

16  enhancement awards.

17       13. The Court will conduct a Final Approval Hearing on __January 9, 2015__, ~~2014~~, at 9:00

18  a.m. to determine, (1) whether the proposed settlement is fair reasonable, and adequate and should be

19  finally approved by the Court; (2) the amount of attorneys' fees and costs to award to Class Counsel;

20  and (3) the amount of the Enhancement Award to the Class Representative Quezada.

21       14. In the event the Settlement is not finally approved, or otherwise does not become

22  effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null

23  and void and shall be vacated, and the Parties shall revert to their respective positions as of before

24  entering into the Settlement Agreement.

25       15. As reflected in Par. 25 of the Settlement Agreement, if ten percent (10%) or more of the

26  Class Members exercise their right to be excluded from the class action settlement defined in this

27  Stipulation, Defendant shall have the right, notwithstanding any other provisions of this Stipulation and

28

after meeting and conferring with Class Counsel, to withdraw from this Stipulation, whereupon said Stipulation will be null and void for all purposes and may not be used or introduced in further litigation.

**IT IS SO ORDERED.**

DATED: October 3, 2014

_____
Hon. Jeffrey S. White
United States District Judge