**MARLIN & SALTZMAN, LLP**
Stanley D Saltzman, Esq. (SBN 90058)
Christina A. Humphrey, Esq. (SBN 226326)
Leslie H. Joyner, Esq. (SBN 262705)
29229 Canwood Street, Suite 208
Agoura Hills, California   91301-1555
Telephone:      (818) 991-8080
Facsimile:       (818) 991-8081
ssaltzman@marlinsaltzman.com
chumphrey@marlinsaltzman.com
ljoyner@marlinsaltzman.com

**LABOR LAW OFFICE, A.P.C.**
Michael L. Carver, Esq. (SBN 173633)
Michelle M. Lunde, Esq. (SBN 246585)
1395 Ridgewood Drive, Suite 300
Chico, California  95973
Telephone:      (530) 891-8503
Facsimile:       (530) 891-8512

Attorneys for Plaintiff Jorge Quezada

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE R. QUEZADA, et al., <br><br> Plaintiff, <br><br> v. <br><br> CON-WAY FREIGHT, INC., <br><br> Defendants. | **Case No. 09-CV-03670 JSW(NJV)** <br> (Assigned to Hon. Jeffrey S. White) <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> DATE:       January 9, 2015 <br> TIME:       9:00 a.m. <br> DEPT.:      11 |

**TO:  ALL PARTIES HEREIN AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 9, 2015, at 9:00 a.m., or as soon thereafter as the matter can be heard in Courtroom No. 5 in the above entitled courthouse located at 1301 Clay Street, Second Floor, Oakland, California, 94612, Plaintiff Jorge R. Quezada, on his own behalf, and on behalf of the certified Class, will move for final approval of a class wide settlement reached with Defendant Con-way Freight, Inc. ("Defendant").  Defendant does not oppose this Motion.

Said Motion shall be based upon this Notice of Motion, the accompanying Memorandum of Points & Authorities filed herewith, the Declarations of Stanley D. Saltzman and Alejandra Zarate filed herewith, the Settlement Agreement entered into by the Parties, and upon such further evidence, both documentary and oral, as may be presented at the hearing of said motion.

DATED:  December 23, 2014           MARLIN & SALTZMAN, LLP
                                    LABOR LAW OFFICE, A.P.C.


                                    By:  /S/ Stanley D. Saltzman
                                         Stanley D. Saltzman, Esq.
                                         Christina A. Humphrey, Esq.
                                         Leslie H. Joyner, Esq.
                                         Attorneys for Plaintiff and the Plaintiff Class

## MEMORANDUM OF POINTS & AUTHORITIES

**I.  INTRODUCTION**

Plaintiff and the certified class seek this Honorable Court's final approval of the non-reversionary $2,000,000 settlement in this case, which was first filed on February 17, 2009. Previously, this Court issued its Order of October 15, 2012, granting Plaintiff's motion for class certification. (Docket No. 88)  On October 3, 2014, this Court granted preliminary approval to this settlement. (Docket No. 204)  The parties now seek this Court's final approval of the settlement reached.

Plaintiff and the certified class are pleased to inform the court that:

All class members were mailed the approved form of Notice of Proposed Class Action Settlement and Hearing.

As noted in the Preliminary Approval motion filed on September 2, 2014, (Docket No. 202), class members will be mailed settlement checks <u>unless</u> they affirmatively elect to be excluded from the settlement.

As of the deadline for exclusions to be submitted, which expired on December 2, 2014,there were only 9 (nine) such requests for exclusion received by the Settlement Administrator.  Accordingly, this results in a 99.57% participation rate in the settlement. (*See,* Declaration of Alejandra Zarate, Case Manager of the approved Settlement Administrator, CPT, Inc., at Para. 14, filed concurrently herewith).

There have been no objections filed concerning the terms and conditions of the settlement.[1]

There have been no objections filed concerning the request for an enhancement award for the representative plaintiffs.

There have been no objections filed concerning the request for an award of attorneys' fees and costs to class counsel.

The settlement requires defendant to pay $2,000,000 for the benefit of the class members.

All of this Court's orders concerning dissemination of Notice of the Settlement have been

---

[1] Objections, per the Notice, were to be filed with the Court.  As set forth in the Declaration of Stanley D. Saltzman, filed herewith, counsel has checked the Court file docket, and as of this date, no objections have been filed therein.  Additionally, counsel has not received copies of any objections.

1

**Plaintiff's Notice of Motion and Motion for Final Approval of Settlement**
**Case No. 09-CV-03670 JSW(NJV)**

carried out, as set forth in the Declaration of Alejandra Zarate, Case Manager of the approved Settlement Administrator, CPT, Inc. The only change that should be brought to the attention of the Court is that the administrator was asked to conduct some additional work, for which a quote of $3,000 was offered by CPT and approved by class counsel. As this is more than the total for the CPT costs which were included in the Class Notice, class counsel has agreed to bear this additional expense out of its fees and costs to be awarded by the court.

Plaintiffs and the members of the Class are/were employed by Defendant as employee truck drivers, known as Driver/Sales Representatives, (DSR's), primarily driving within California. Conway was alleged by the Plaintiff to have wrongfully built into its "trip-pay" several non-driving tasks, such as time spent by the drivers on pre-trip inspections, post-trip inspections, delays during runs (i.e. while awaiting further loads) and required paperwork.

As previously noted in the Motion for Preliminary Approval, and as the Court's docket reveals, this case was vigorously litigated.[2] Certification of the class was obtained following a fully contested certification motion. The Court was also called upon to rule on not one, but two, fully contested summary judgment motions. Defendant also filed and the Court ruled on, and denied, a motion to decertify. Essentially, no stone was left unturned. Ultimately, the Parties were able to reach the now pending settlement agreement at the third mediation attempted in the case, only months prior to the scheduled trial date.

The success of the settlement is highlighted by the lack of any objections to any term of the settlement having being presented by any class member. And as also noted above, and highlighted in the Declaration of the Settlement Administrator, there were only nine exclusion requests, amounting to less that 1/2 of 1 percent of the class.

As set forth hereafter, the settlement meets the criteria for final approval which are set forth in the *Manual for Complex Litigation*, 4th Ed., is well within the range of what would be fair, reasonable, and adequate in this case, and thus the plaintiff requests that the Court now grant final approval.

///

---

[2] To avoid duplication, the plaintiffs' Motion for Preliminary Approval (Docket No. 202), and all documents filed in support thereof, are incorporated herein by this reference.

2

**Plaintiff's Notice of Motion and Motion for Final Approval of Settlement**
**Case No. 09-CV-03670 JSW(NJV)**

## II. THE SETTLEMENT PROCESS HAS BEEN DUTIFULLY ADHERED TO AND SUCCESSFULLY CARRIED OUT

### A. Dissemination of Notice:

As noted above, preliminary approval was granted on October 3, 2014. At that time, CPT, Inc. was appointed by the Court as the Settlement Administrator. The parties, through the work of CPT, have dutifully complied with this Court's orders concerning dissemination of the Notice of Class Action Settlement. In addition, the Settlement Administrator established a website for the case, as well as a toll free telephone number for class members to call with inquiries concerning the settlement and the claims process. The Settlement Administrator has provided this Court with a full report of its activities as set forth in the contemporaneously filed declaration of Alejandra Zarate.

### B. Motion for Attorneys' Fees and Motion for Enhancement Awards

Pursuant to this Court's order granting preliminary approval, Class Counsel were ordered to file their motion for an award of fees and costs and for an enhancement award for the representative plaintiff, by no later than November 4, 2014, so that the class members would have ample time to consider potential objections to those motions. The motion and supporting papers were filed timely as directed by the Court. (Docket Nos. 205 – 209).

### C. The Objection Deadline Has Passed

The objection deadline passed on December 2, 2014. There were no objections to the terms of the settlement, or to the fee award and enhancement motion.

### D. Challenges to Employment History/Information Requests

As set forth in the declaration of the Settlement Administrator, at paragraph 11 thereof, there have been no disputes by any class members relating to employment history, which was utilized in part to determine settlement shares. At paragraph 10 of the same declaration, the Administrator declares that it received a total of 29 telephonic inquiries from class members requesting information, and further declares that it was able to respond to all those inquiries.

## III. THE SETTLEMENT MEETS, AND EXCEEDS, THE STANDARDS FOR FINAL APPROVAL

Federal Rule of Civil Procedure 23(e) provides that any compromise of a class action must

3

**Plaintiff's Notice of Motion and Motion for Final Approval of Settlement**
**Case No. 09-CV-03670 JSW(NJV)**

receive Court approval. The court has broad discretion to grant such approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2nd Cir. 2000). In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." (*In re Heritage Bond Litigation*, 2005 WL 1594403, citing *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).)

Here, experienced class counsel litigated this action for over five years and fully investigated the claims asserted. After this full evaluation was completed, and the case was being prepared for trial, the value of the claims was crystalized and those claims that did not have actual value were identified. As explained in the preliminary approval motion, and the motion for approval of fees, costs and enhancement award, some of the time worked which had been subject to litigation had actually been paid by the defendant, and those payments were documented in a database containing Defendant's Kronos timekeeping information. When that database was factored in for the class period, the total value of the actual unpaid wages was estimated to be in the $1 million to $1.2 million range.

The settlement of $2,000,000 thus represents a recovery of almost twice the actual damages for the class as a whole, and allows for payment of a portion of the even more highly disputed penalty claims. (Preliminary Approval motion, at pp. 4 – 5, Docket no. 202). The fairness, reasonableness and adequacy of any class action settlement depends on "the relative strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; ... and the reaction of class members to the proposed settlement." <u>Hanlon v. Chrysler Corp., supra, at 1026 (9th Cir.1998)</u>. Here, all standards for approval are met, and the discussion of the same presented in the Motion for Preliminary Approval applies equally here.

Counsel for the Class and Counsel for Defendant each investigated and analyzed the strengths, weaknesses and risks of their respective cases. They engaged in vigorous and substantial arms length negotiations, assisted by a well known mediator. Simply put, this case is a classic example of a proper,

4

**Plaintiff's Notice of Motion and Motion for Final Approval of Settlement
Case No. 09-CV-03670 JSW(NJV)**

receive Court approval. The court has broad discretion to grant such approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2nd Cir. 2000). In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." (*In re Heritage Bond Litigation*, 2005 WL 1594403, citing *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).)

Here, experienced class counsel litigated this action for over five years and fully investigated the claims asserted. After this full evaluation was completed, and the case was being prepared for trial, the value of the claims was crystalized and those claims that did not have actual value were identified. As explained in the preliminary approval motion, and the motion for approval of fees, costs and enhancement award, some of the time worked which had been subject to litigation had actually been paid by the defendant, and those payments were documented in a database containing Defendant's Kronos timekeeping information. When that database was factored in for the class period, the total value of the actual unpaid wages was estimated to be in the $1 million to $1.2 million range.

The settlement of $2,000,000 thus represents a recovery of almost twice the actual damages for the class as a whole, and allows for payment of a portion of the even more highly disputed penalty claims. (Preliminary Approval motion, at pp. 4 – 5, Docket no. 202). The fairness, reasonableness and adequacy of any class action settlement depends on "the relative strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; ... and the reaction of class members to the proposed settlement." <u>Hanlon v. Chrysler Corp., supra, at 1026 (9th Cir.1998)</u>. Here, all standards for approval are met, and the discussion of the same presented in the Motion for Preliminary Approval applies equally here.

Counsel for the Class and Counsel for Defendant each investigated and analyzed the strengths, weaknesses and risks of their respective cases. They engaged in vigorous and substantial arms length negotiations, assisted by a well known mediator. Simply put, this case is a classic example of a proper,

fair and adequate settlement.

The Ninth Circuit has shown longstanding support of settlements reached through arms' length negotiation by capable opponents. In *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), the Ninth circuit expressly opined that courts should defer to the "private consensual decision of the [settling] parties." *Id.* at 965, citing *Hanlon, supra*, at 1027. Amongst the primary reasons for deferring to such settlements is the combination of the experience of counsel and the participation of a neutral (in this case, several neutrals), both of which factors are present here.

The *Rodriguez* court "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested." *Rodriguez, supra*, at 965 (citations omitted). As the Court explained, "In reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlements by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." *Id.* at 965 (citations omitted). *See also, Williams v. Vukovich*, 720 F.2d 909, 922-923 (6th Cir.1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); 2 *Newberg on Class Actions* §11.24 (4th Ed. & Supp. 2002); *Manual For Complex Litigation* (Fourth) §30.42.)

The proposed settlement has no obvious deficiencies. The fact that there are absolutely no objections from any class members is testament to how this settlement has been accepted by the class. There is no standard or benchmark for determining whether any given settlement is fair. "Ultimately the district court's determination is nothing more than 'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice, supra*, at 625 (citation omitted). In making its determination, the Court should weigh the benefits that the settlement will realize for the class against the uncertainty of litigation. *See, Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("...it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.")

The settlement has been reached after considerable negotiation, and involving the mediation efforts of several highly experienced mediators. Each side evaluated the strengths and weaknesses of their case and independently came to the conclusion that this settlement represents a responsible means

of addressing the claims of Plaintiffs, and the defenses of Defendant. As noted in the Motion for Preliminary Approval, the settlement represents a compromise between the positions and evaluations of the two sides to this controversy. Clearly, there were significant disagreements between the Parties as to the facts, the law, and the application of both to Defendant's business model. Giving credence for negotiation purposes to some of Defendant's damage related assertions, and to the information disclosed in the Kronos database, Plaintiffs valued the realistic range of the value of the claims of the Class to be between $1million and $1.2 million, prior to penalties. The non-reversionary amount of $2,000,000 represents an undeniable success, resulting in a fair recovery for each and every member of the Class.

## IV. CONCLUSION

The parties have reached this settlement following extensive litigation, ongoing case discussions and arms-length negotiations. Plaintiffs respectfully request that the Court:

1. Grant final approval of the proposed settlement;
2. Order payment from the settlement proceeds to the Claims Administrator in the amount of $30,500.00;
3. Grant the contemporaneously pending Motion for Award of Attorneys' Fees, Costs and Enhancement for the Plaintiff;
4. Enter the proposed Final Approval Order and Final Judgment submitted herewith; and
5. Retain continuing jurisdiction over the implementation, interpretation, administration and consummation of the settlement.

DATED: December 23, 2014      **MARLIN & SALTZMAN, LLP**
    **LABOR LAW OFFICE, A.P.C.**

By: /S/ Stanley D. Saltzman
    Stanley D. Saltzman, Esq.
    Christina A. Humphrey, Esq.
    Leslie H. Joyner, Esq.
    Attorneys for Plaintiff and the Plaintiff Class