**MARLIN & SALTZMAN, LLP**
Stanley D Saltzman, Esq. (SBN 90058)
Christina A. Humphrey, Esq. (SBN 226326)
Leslie H. Joyner, Esq. (SBN 262705)
29229 Canwood Street, Suite 208
Agoura Hills, California   91301-1555
Telephone:      (818) 991-8080
Facsimile:       (818) 991-8081
ssaltzman@marlinsaltzman.com
chumphrey@marlinsaltzman.com
ljoyner@marlinsaltzman.com

**LABOR LAW OFFICE, A.P.C.**
Michael L. Carver, Esq. (SBN 173633)
Michelle M. Lunde, Esq. (SBN 246585)
1395 Ridgewood Drive, Suite 300
Chico, California  95973
Telephone:      (530) 891-8503
Facsimile:       (530) 891-8512

Attorneys for Plaintiff Jorge Quezada

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE R. QUEZADA, et al.,<br><br>Plaintiff,<br><br>v.<br><br>CON-WAY FREIGHT, INC.,<br><br>Defendants. | **Case No. 09-CV-03670 JSW(NJV)**<br>(Assigned to Hon. Jeffrey S. White)<br><br>**CLASS ACTION**<br><br>~~[PROPOSED]~~ **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

---

**[Proposed] Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement**
**Case No. 09-CV-03670 JSW(NJV)**

**ORDER**

This matter came on for hearing on January 9, 2015, at 9:00 a.m., following Plaintiff's Motion for Final Approval of Class Action Settlement. Due and adequate notice having been given to the certified Class, and the Court having considered all papers filed and proceedings had herein and all oral and written comments and no objections having been received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of the above-captioned matter, the Class Representative, Defendant Con-way Freight Inc. ("Con-Way") and all members of the certified Class.

2. The term "Settlement Agreement" shall refer to the Joint Stipulation of Class Action Settlement and Release filed by the Class Representative in this case in connection with the parties' motion for preliminary approval of this matter, and all terms herein shall have the same meaning as terms defined in the Settlement Agreement, unless specifically provided herein.

3. The Court grants final approval of the parties' Settlement Agreement, as amended, according to the Court's October 3, 2014, Order Granting Preliminary Approval of Settlement (Docket No. 204), wherein the Court made the following revisions:

   a. On page 13, line 2 and lines 5-6 of the Settlement Agreement, the denominator is corrected to read, "Total Number of Waiting Time Penalty Settlement Class Members Who Do Not Opt Out."

   b. On page 19, lines 23-24 of the Settlement Agreement, the procedure will be modified so that skip traces will be performed on those notices that are returned as undeliverable or unclaimed, and should the skip traces reveal a new address the notices will be re-mailed to those new addresses.

   c. On page 7, lines 18-20, the Waiting Time Penalty Class is corrected to reflect that the class period is from February 17, 2006 (as opposed to 2005), through June 30, 2014.

4. The Court finds that the parties, through the work of CPT, the court appointed settlement administrator, have fully met the requirements of due process under the United States Constitution and

1

**[Proposed] Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement**
**Case No. 09-CV-03670 JSW(NJV)**

applicable state law.

5. The Court approves payment from the settlement proceeds to the Claims Administrator in the amount of $30,500.00.

6. The Court approves the settlement of the above-captioned action, and each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settlement Class, the Class Representative, and Con-Way (collectively "Settling Parties"). The Settling Parties and the Settlement Administrator are directed to perform all further acts required in accordance with the terms set forth in the Settlement Agreement.

7. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class (identified in Exhibit "A" hereto), all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Class Representative and the Settlement Class Members.

8. The PAGA claims will be settled for the amount of $25,000, with the LWDA's payment of 75% of that amount being out of the total agreed sum, and the remaining 25% to be included in the settlement fund.

9. The court approves Class Counsel's unopposed motion for an award of attorneys' fees and costs and for an enhancement award for the representative plaintiff. Class Counsel shall be awarded attorneys' fees in the amount of $666,666.66 (equal to 33.3% of the common fund established for the Class), reimbursement of costs and expenses in the amount of $49,500.00; and Plaintiff Jorge Quezada shall receive an enhancement award in the amount of $20,000.00.

10. By this Judgment, the Class Representative, and each Settlement Class Member who has not validly and timely requested exclusion from the Settlement by opting out, is deemed to have fully and finally released and discharged Con-Way and its past, present and future parents, subsidiaries (whether or not wholly-owned), joint ventures, affiliates (including each such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives, all in their individual and corporate capacities (collectively, the "Con-Way Parties") from any and all claims, causes of action, damages, wages,

2

**[Proposed] Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement**
**Case No. 09-CV-03670 JSW(NJV)**

1 benefits, expenses, penalties, debts, liabilities, demands, obligations, attorneys' fees, costs, and any
2 other form of relief or remedy in law, equity, or whatever kind or nature, whether known or unknown,
3 suspected or unsuspected, arising from (1) the Lawsuit and any Claims arising out of or reasonably
4 related to the facts alleged in the Lawsuit, including without limitation all claims under the California
5 Labor Code, Industrial Welfare Commission Wage Orders and the California Business and Professions
6 Code, claims for restitution and other equitable relief, liquidated damages, punitive damages, waiting
7 time penalties, penalties of any nature whatsoever (including, but not limited to, civil penalties pursuant
8 to the Private Attorney General's Act of 2004 ("PAGA")), other compensation or benefits arising out of
9 or reasonably related to the facts, incidents, transactions, events, occurrences, disclosures, statements,
10 acts, or omissions in law or in equity, asserted or that could have been reasonably asserted from the
11 facts alleged in the Lawsuit by any Class Member against the Releasees up to the expiration of the "Opt
12 Out Period," and (2) any wage and hour violations, whether premised on statute, contract, tort or other
13 theory of liability under state, federal or local law, arising out of or reasonably related to the facts,
14 incidents, transactions, events, occurrences, disclosures, statements, acts, or omissions in law or in
15 equity, asserted or that could have been reasonably asserted from the facts alleged in the Lawsuit by
16 any Class Member against the Releasees up to the expiration of the "Opt Out Period." The release by
17 Class Members also includes a waiver of any rights a Class Member otherwise may have under
18 California Civil Code Section 1542 regarding unknown and unsuspected claims relating to the Covered
19 Claims. Notwithstanding the above, the release by the Class Members, including Plaintiff Quezada,
20 does not include a release of claims for Labor Code section 226.7(c) penalties for failure to provide
21 meal periods or rest breaks.

22      11.     Neither the Settlement Agreement nor the settlement contained therein, nor any act
23 performed or document executed pursuant to or in furtherance of the Settlement Agreement or the
24 settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the
25 validity of any Released Claims or Class Representative's Released Claims, any wrongdoing or liability
26 of Con-Way or any of the Con-Way Parties, or whether class or collective action certification is
27 warranted in any other litigation; or (ii) is or may be deemed to be or may be used as an admission of,
28 or evidence of, any fault or omission of Con-Way or any of the Con-Way Parties in any civil, criminal

3

**[Proposed] Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement
Case No. 09-CV-03670 JSW(NJV)**

or administrative proceeding in any court, administrative agency or other tribunal. Con-Way may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. This matter is hereby dismissed on the merits and with prejudice, permanently barring the Class Representative and all other Settlement Class Members (other than those who timely and validly opted out of the Settlement) from prosecuting any of the Released Claims, the Class Representative from prosecuting any of the Released Claims or Class Representative's Released Claims, or the Class Counsel from prosecuting any of the Class Counsels' Released Claims. The Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the Class Representative, the Settlement Class, and Con-Way for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

13. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED January 15, 2015

*Jeffrey S. White*
Honorable Jeffrey S. White
United States District Judge

4

**[Proposed] Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement
Case No. 09-CV-03670 JSW(NJV)**

**EXHIBIT A**

**(To [Proposed] Order Granting Plaintiff's Motion for Final Approval)**

**EXHIBIT A**

**(To [Proposed] Order Granting Plaintiff's Motion for Final Approval)**

| LIST OF DRIVERS WHO OPTED OUT OF CLASS ||
|---|---|
| Claim Number | Employee Name |
| 1. | Lettieri, James W |
| 2. | Bush, Joseph |
| 3. | Standhardt, John P |
| 4. | Baldwin, Brent A |
| 5. | Felix, Jason J |
| 6. | Carrasco, Andres |
| 7. | Acosta, David |
| 8. | Morales, Bernardo |
| 9. | Hogan, Britton J |

**Exhibit A to [Proposed] Order Granting Plaintiffs' Motion for Final Approval**
**Case No. 09-CV-03670 JSW(NJV)**